[Cite as *Tucker v. Leadership Academy for Math & Science of Columbus*, 2014-Ohio-3307.]
## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| André R. Tucker, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-100 |
| v. | : | (C.P.C. No. 12CVH04-4777) |
| Leadership Academy for Math and Science of Columbus et al., | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

---

### D E C I S I O N

### Rendered on July 29, 2014

---

*André R. Tucker*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1}  This is an appeal by plaintiff-appellant, André R. Tucker, from a decision and entry of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Victor K. Smith ("Smith").

{¶ 2}  On April 16, 2012, appellant filed a pro se motion for declaratory judgment and preliminary and permanent injunctive relief against Smith and the Leadership Academy for Mathematics and Science of Columbus ("LAMS").  In the motion, appellant argued that Smith and LAMS had violated Ohio's Sunshine Law, R.C. 121.22, leading to a resolution to dissolve a charter school in Columbus.  Appellant requested the court declare the resolution invalid and issue an injunction.  Also on that date, appellant filed a motion for a temporary restraining order.

{¶ 3}   By decision and entry filed April 18, 2012, the trial court denied appellant's motion for a temporary restraining order.  A magistrate of the trial court conducted a hearing on appellant's request for preliminary injunction and issued a decision on August 13, 2012 granting the motion.

{¶ 4}   On July 12, 2013, Smith filed a motion for summary judgment asserting that the closure of LAMS was a completed act, making appellant's action moot.  Attached to the motion were the affidavits of Smith and Delores Evans.  Smith subsequently filed the affidavit of David Mancini in supplemental support of the motion for summary judgment.  On July 31, 2013, appellant filed a motion to strike the affidavits of Evans and Mancini.  By decision and entry filed January 10, 2014, the trial court denied appellant's motion to strike the affidavits and granted Smith's motion for summary judgment on the basis that the underlying case was moot.

{¶ 5}   On appeal, appellant sets forth the following three assignments of error for this court's review:

> **First Assignment of Error**
>
> The Trial Court erred in granting summary judgment for defendant-appellee, citing the mootness doctrine.
>
> **Second Assignment of Error**
>
> The Trial Court erred in granting summary judgment for defendant-appellee, based on conflicting affidavits in *support* of Defendant's motion for summary judgment.
>
> **Third Assignment of Error**
>
> The Trial Court erred in granting summary judgment for defendant-appellee, by failing to consider House Bill 153 enacted section 3314.029 of the Revised Code.

{¶ 6}   Appellant's three assignments of error, all challenging the trial court's grant of summary judgment, are somewhat interrelated and, as such, we will address them together.  Under these assignments of error, appellant contends (1) the trial court erred in granting summary judgment based on the mootness doctrine, (2) the court's grant of summary judgment was improper in light of Smith's submission of purported conflicting

affidavits, and (3) the court erred in failing to consider the effect of Am.Sub. H.B. No. 153 ("H.B. 153").

{¶ 7} Pursuant to Civ.R. 56(C), a trial court shall grant summary judgment if the filings in the action, including the pleadings and affidavits, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." This court's review of a trial court's decision on summary judgment is de novo. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.,* 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24. Similarly, "[t]he issue of mootness is a question of law," and therefore this court reviews a trial court's decision finding a matter to be moot under the de novo standard of review. *Poulson v. Wooster City Planning Comm.,* 9th Dist. No. 04CA0077, 2005-Ohio-2976, ¶ 5.

{¶ 8} The controversy in the instant case arose when the LAMS school board passed a resolution to close the charter school during an April 5, 2012 board meeting. Appellant's motion for declaratory judgment and injunctive relief alleged that the board's action was in violation of Ohio's Sunshine Law, R.C. 121.22.

{¶ 9} In his motion for summary judgment, Smith, a former LAMS board member, argued that the closing of the charter school occurred because the sponsor, Educational Service Center of Central Ohio ("ESCCO"), terminated its contract with the school after LAMS failed to meet certain obligations under the parties' sponsorship agreement; further, Smith asserted the closure of LAMS in 2012 was a completed act, thereby rendering the matter moot. In support, Smith submitted his own affidavit, as well as the affidavits of Evans, the former secretary of LAMS, and Mancini, the coordinator of community schools for ESCCO.

{¶ 10} The affidavits submitted by Smith in support of summary judgment averred the following. LAMS was incorporated as a charter school in March 2011. (Evans Affidavit, ¶ 3.) In order to operate as a charter school in Ohio, LAMS entered into a sponsorship contract with ESCCO. (Evans Affidavit, ¶ 4.) Pursuant to R.C. Chapter 3314 and the sponsor contract, ESCCO has certain regulatory responsibilities over the community schools that it sponsors, including LAMS. (Mancini Affidavit, ¶ 2.)

{¶ 11} Since its inception, LAMS struggled to obtain qualified members to serve on its board. (Mancini Affidavit, ¶ 5.) On December 11, 2011, ESCCO served notice of probation on the LAMS board for failing to submit information in a timely manner. (Mancini Affidavit, ¶ 10.) On March 28, 2012, ESCCO notified the LAMS board that it

was extending the school's probation; the sponsor cited various concerns, including LAMS's failure to timely submit documents, the inability of the school to retain 25 students as required by the sponsor contract and law, and the failure of LAMS's treasurer to attend board meetings. (Mancini Affidavit, ¶ 12.)

{¶ 12} On April 5, 2012, the LAMS board held a meeting at which time the board voted to close the school. (Evans Affidavit, ¶ 11.) In his affidavit, Smith averred that he took no further action to close the school following the April 2012 resolution. (Smith Affidavit, ¶ 2.) Mancini, ESCCO's coordinator of community schools, averred the following: "By this time, and regardless of what the Board decided, ESCCO was proceeding to suspend/close the school for LAMS failure to fulfill its responsibilities under the Revised Code and the Contract." (Mancini Affidavit, ¶ 14.)

{¶ 13} On April 17, 2012, because of discussions as to the legitimacy of authorized board members, and LAMS's continuing failure to correct deficiencies, ESCCO provided LAMS with "a notice of Affirmation of Board Action, Immediate Suspension and Intent to Suspend." (Mancini Affidavit, ¶ 17.) On May 1, 2012, ESCCO provided LAMS with a notice of suspension. (Mancini Affidavit, ¶ 17.) On August 9, 2012, ESCCO provided LAMS with notice of termination of the contract. (Mancini Affidavit, ¶ 17.) In his affidavit, Smith averred: "It is my understanding that ESCCO has terminated its sponsorship and that this occurred before the Court's preliminary injunction decision. The School was closed by the sponsor because a charter school cannot operate without a sponsor." (Smith Affidavit, ¶ 5.)

{¶ 14} In granting Smith's motion for summary judgment based on the mootness doctrine, the trial court cited evidence submitted in support of the motion that ESCCO, the school's sponsor, terminated the sponsorship contract with LAMS, thereby resulting in closure of the school; further, that the action of ESCCO in closing the school was "wholly separate from any defective resolution passed at the April 5, 2012 board meeting." The court determined that issuing the requested relief "cannot have any practical legal effect; LAMS is closed and cannot be reopened by any board action."

{¶ 15} In general, "[a]ctions are moot when they involve no actual genuine controversy which can definitely affect the parties' existing legal relationship." *Harris v. Akron,* 9th Dist. No. 24499, 2009-Ohio-3865, ¶ 7. Further, " ' "[a] moot case is one which seeks to get a judgment * * * upon some matter which, when rendered, for any reason

cannot have any practical legal effect upon a then-existing controversy." ' " *Id.*, quoting *Culver v. Warren,* 84 Ohio App. 373, 393 (7th Dist.1948), quoting *Ex Parte Steele,* 162 F. 694, 701 (N.D.Ala.1908). Under Ohio law, "[a]ppellate courts will not review questions that do not involve live controversies." *Aurora Loan Servs. v. Kahook,* 9th Dist. No. 24415, 2009-Ohio-2997, ¶ 6, citing *Tschantz v. Ferguson,* 57 Ohio St.3d 131, 133 (1991).

{¶ 16} Upon review, we agree with the trial court's determination that the matter is moot and that there is no controversy remaining to be resolved. In the motion for declaratory judgment and injunctive relief, appellant alleged a violation of Ohio's Sunshine Law, under R.C. 121.22, and further argued that LAMS would suffer harm if the board acted upon its resolution to dissolve the school. As noted, the materials submitted by Smith in support of summary judgment indicated that ESCCO's decision to terminate the sponsorship agreement with LAMS resulted in the closure of the school in August 2012.

{¶ 17} As recognized by the trial court, the mootness doctrine is applicable to claims for injunctive relief under Ohio's Open Meetings Law. *Nowak v. Elyria City School Dist. Bd. of Edn.,* 9th Dist. No. 96CA006516 (June 18, 1997). In *Nowak*, the plaintiffs brought an action for declaratory and injunctive relief, alleging that a school board's resolution to close three schools was in violation of Ohio's Open Meetings Law. The court in *Nowak* determined that the action was rendered moot, holding in part: "Because the only relief sought by plaintiffs was a declaratory judgment and an injunction preventing the closing of the three schools and the Board has since closed them, there no longer is an actual controversy." *Id.* Similarly, in the instant case, the school closed as a result of the decision of the sponsor to terminate the sponsorship contract, and the act appellant seeks to enjoin has been completed; accordingly, the trial court properly concluded that appellant's cause of action for injunctive relief is moot.[1]

{¶ 18} Under the second assignment of error, appellant characterizes statements made in the affidavits submitted by Smith as "scandalous" and conflicting. To the extent appellant contends that statements in the affidavits of Mancini and Evans are untrue, we note that appellant failed to file a memorandum contra Smith's motion for summary

---

[1] Appellant's contention that the trial court erred in finding that the termination of the LAMS contract is not a completed act is not persuasive. *See* R.C. 3314.07(B)(6) ("Any community school whose contract is terminated under this division shall not enter into a contract with any other sponsor.").

judgment, including any opposing affidavits challenging the veracity of these affiants. Appellant did, however, file a motion to strike the affidavits of Evans and Mancini, which the trial court denied. Specifically, the court found that "[n]either affidavit contains any statement that is properly labeled scandalous," and "there is nothing beyond Plaintiff's accusation to support a conclusion that the affidavits have been submitted in bad faith." Upon review, we find no error with the trial court's determination on this issue. Nor do we find merit to appellant's contention that the affidavits of Smith and Mancini contained conflicting evidence so as to preclude summary judgment.[2]

{¶ 19} Appellant further contends, under his third assignment of error, that the trial court erred in failing to consider the implications of H.B. 153 (enacting R.C. 3314.029). Specifically, appellant argues that H.B. 153 allows the State Board of Education to directly sponsor expired and terminated community contracts. As previously noted, however, appellant did not file a memorandum contra Smith's motion for summary judgment, nor did he raise this issue before the trial court.

{¶ 20} Under Ohio law, "arguments raised for the first time on appeal are improper." *Marysville Newspapers, Inc. v. Delaware Gazette Co., Inc.,* 3d Dist. No. 14-06-34, 2007-Ohio-4365, ¶ 23. Further, while this court's standard of review on a motion for summary judgment is de novo, that standard "does not supersede [an appellate court's] settled practice of not addressing issues raised for the first time on appeal." *Henson v. Cleveland Steel Container Corp.,* 11th Dist. No. 2008-P-0053, 2009-Ohio-180, ¶ 77. *See also Webster v. G & J Kartway,* 12th Dist. No. CA2005-06-011, 2006-Ohio-881, ¶ 25, quoting *State ex rel. Vanmeter v. Lawrence Cty. Bd. of Commrs.*, 4th Dist. No. 96CA27 (July 8, 1994) (party opposing summary judgment prohibited from " 'advancing new theories or raising new issues in order to secure reversal' "). Nor can parties "breathe new life into a moot case by changing their demands on appeal." *Nowak.* As appellant failed to raise this argument before the trial court, we decline to consider it for the first time on appeal.

---

[2] Appellant has attached, as an exhibit to his appellate brief, purported affidavits of two individuals, Kelly Krause and Jamie Lynn Gibson, evidently executed subsequent to the trial court's decision and entry granting summary judgment in favor of Smith. However, because those materials were not part of the record before the trial court, this court "cannot properly consider them" on appeal. *State v. Gripper,* 10th Dist. No. 10AP-1186, 2011-Ohio-3656, ¶ 12.

{¶ 21} Based upon this court's de novo review, the trial court properly rendered summary judgment in favor of Smith on the basis that the action is moot.  Accordingly, appellant's first, second, and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

TYACK and CONNOR, JJ., concur.

_____