[Cite as *Rooney v. Ohio State Hwy. Patrol*, 2017-Ohio-1123.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Richard Rooney, Administrator of the Estate of Anna Rooney, | : | |
| | : | |
| Plaintiff-Appellant, | : | No. 16AP-204 (Ct. of Cl. No. 2015-00623) |
| v. | : | |
| | : | (REGULAR CALENDAR) |
| Ohio State Highway Patrol, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on March 28, 2017

**On brief:** *Dinsmore & Shohl LLP, Mark A. Vander Laan,* and *Mark B. Gerano,* for appellant. **Argued:** *Mark A. Vander Laan.*

**On brief:** *Michael DeWine,* Attorney General, *Lee Ann Rabe,* and *Peter E. DeMarco,* for appellee. **Argued:** *Peter E. DeMarco.*

APPEAL from the Court of Claims of Ohio

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Richard Rooney ("Dr. Rooney"), appeals the February 19, 2016 judgment of the Court of Claims of Ohio, which dismissed his complaint against defendant-appellee, Ohio State Highway Patrol ("the Patrol"), pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted. In reaching its decision, the Court of Claims found that the complaint did not contain sufficient facts to overcome the Patrol's public duty immunity defense under R.C. 2743.02(A)(3)(a). For the following reasons, we affirm.

No. 16AP-204

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2}   Dr. Rooney filed this negligence action in the Court of Claims on July 1, 2015, naming the Patrol and its employee, dispatcher Catherine A. Davis, as defendants. The complaint states that Davis acted negligently in failing to properly handle a report of a recklessly driven vehicle that subsequently collided with the car driven by Dr. Rooney's daughter, Anna Rooney, resulting in her death.

{¶ 3}   Specifically, the complaint states that, on the night of July 4, 2013, an off-duty Chillicothe police officer reported to the Chillicothe Police Department that he was driving behind a car that was being driven recklessly through Chillicothe on U.S. 50. The Chillicothe Police Department dispatcher telephoned the Patrol and requested backup that could intercept the vehicle. Davis was the Patrol dispatcher who received the call and who neither entered the request into the Patrol's dispatch system nor alerted a trooper or any other agency about the recklessly driven vehicle. Several minutes later, that vehicle struck Ms. Rooney's vehicle. Ms. Rooney died the following day of injuries sustained in the collision.

{¶ 4}   Dr. Rooney has alleged that Davis's failure to enter the Chillicothe Police Department's request into the Patrol's dispatch system or to otherwise notify a Patrol officer or any other agency of the recklessly driven vehicle was a breach of duty that led to the fatal collision and was the direct and proximate cause of Ms. Rooney's injuries and death. Dr. Rooney also has alleged that the public duty immunity provision of R.C. 2743.02(A)(3) does not bar his claims on behalf of his daughter's estate because a special relationship existed between Anna Rooney and the Patrol under R.C. 2743.02(A)(3)(b).[1]

---

[1]R.C. 2743.02(A)(3)(b) states:

> A special relationship under this division is demonstrated if all of the following elements exist:
>
> (i) An assumption by the state, by means of promises or actions, of an affirmative duty to act on behalf of the party who was allegedly injured;
>
> (ii) Knowledge on the part of the state's agents that inaction of the state could lead to harm;
>
> (iii) Some form of direct contact between the state's agents and the injured party;
>
> (iv) The injured party's justifiable reliance on the state's affirmative undertaking.

No. 16AP-204

{¶ 5} On July 7, 2015, the dispatcher, Davis, was dismissed as a party before the Court of Claims because R.C. 2743.02(E) provides that the only defendant in original actions in the Court of Claims is the State.

{¶ 6} On October 23, 2015, the Patrol moved to dismiss Dr. Rooney's complaint pursuant to Civ.R. 12(b)(6), arguing that under the facts pled in the complaint, the State is entitled to public duty immunity under R.C. 2743.02(A)(3)(a) ("Except as provided in division (A)(3)(b) of this section, the state is immune from liability in any civil action or proceeding involving the performance or nonperformance of a public duty, including the performance or nonperformance of a public duty that is owed by the state in relation to any action of an individual who is committed to the custody of the state.").

{¶ 7} In its motion to dismiss, the Patrol argued that Dr. Rooney's complaint lacked allegations of facts establishing the four elements set forth in R.C. 2743.02(A)(3)(b) necessary to show a special relationship between the Patrol and Ms. Rooney and to overcome immunity as provided by division (A)(3)(b) of R.C. 2743.02.

{¶ 8} Dr. Rooney responded that the Patrol's claim of immunity "after it blatantly failed to dispatch a trooper to a report of a drunk driver defies principles of law, public policy, and common sense." (Nov. 16, 2016 Pl.'s Opp. to Def.'s Mot. to Dismiss at 1.) Dr. Rooney, relying on this Court's holding in *Legacy Academy for Leaders and the Arts v. Mt. Cavalry Pentecostal Church,* 10th Dist. No. 13AP-203, 2013-Ohio-4214, argued that his complaint need only "set forth facts 'sufficient to give the [Patrol] fair notice of [Dr. Rooney's] claim that any asserted immunity is overcome.' " (Pl.'s Opp. to Def.'s Mot. to Dismiss at 3-4, quoting *Legacy Academy for Leaders and the Arts* at ¶ 16.) Dr. Rooney asked the Court of Claims to evaluate "the totality of the circumstances, especially in light of public policy," in determining whether he had pled facts sufficient to support his claims. *Id.* at 10.

{¶ 9} On February 19, 2016, the Court of Claims granted the Patrol's motion to dismiss for failure to state a claim. The Court of Claims found that Davis, the alleged negligent state employee, was clearly engaged in the performance or nonperformance of a public duty for which the state was immune from liability. The Court of Claims stated the public duty immunity set forth in R.C. 2743.02(A)(3)(a) barred Dr. Rooney's negligence claim unless his complaint set forth facts demonstrating that a special relationship existed

between the Patrol and Ms. Rooney as provided in R.C. 2743.02(A)(3)(b). The Court of Claims concluded that the complaint failed to satisfy both the "direct contact" requirement of R.C. 2743.02(A)(3)(b)(iii) and the "justifiable reliance" requirement of R.C. 2743.02(A)(3)(b)(iv).

{¶ 10} Dr. Rooney then filed this appeal, seeking to have the entry of dismissal reversed and the case remanded for further proceedings.

## II. ASSIGNMENT OF ERROR

{¶ 11} Dr. Rooney presents one assignment of error for our review:

> The trial court erred to the prejudice of Appellant by concluding that Appellant could prove no set of facts to establish a special relationship between Anna L. Rooney and Dispatcher Catherine Davis and therefore, the Ohio State Highway Patrol.

## III. LAW AND DISCUSSION

{¶ 12} Dr. Rooney argues on appeal that the trial court should not have dismissed his complaint for failure to plead facts demonstrating all of the required elements to state a claim under R.C. 2743.02(A)(3)(b). If the trial court would have found these necessary elements pled according to notice pleading, requiring only that a claim concisely set forth the operative facts necessary to give the defendant fair notice of the nature of the action, Dr. Rooney argues it was error to have dismissed his complaint for failing to overcome the public duty immunity granted by R.C. 2743.02(A)(3)(a). *See Legacy Academy for Leaders and the Arts* at ¶ 15.

{¶ 13} We review de novo a trial court's decision to dismiss pursuant to Civ.R. 12(B)(6). *Ferron v. Dish Network, LLC*, 195 Ohio App.3d 686, 2011-Ohio-5235, ¶ 16 (10th Dist.), quoting *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim is procedural and tests the sufficiency of a complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992); *Ferron at* ¶ 16; *Powell v. Vorys, Sater, Seymour and Pease*, 131 Ohio App.3d 681, 684 (10th Dist.1998). In considering a Civ.R. 12(B)(6) motion to dismiss, a trial court may not rely on allegations or evidence outside the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). Rather, the trial court must limit its consideration to the four corners of the complaint and may dismiss the case only

No. 16AP-204

if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recover. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus; *Ritchie v. Ohio Adult Parole Auth.*, 10th Dist. No. 05AP-1019, 2006-Ohio-1210, ¶ 16, citing *Singleton v. Adjutant Gen. of Ohio,* 10th Dist. No. 02AP-971, 2003-Ohio-1838, ¶ 18.

{¶ 14} In such cases, a trial court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1998). The appellate court need not, however, accept as true any unsupported or conclusory legal propositions advanced in the complaint. *Rudd v. Ohio State Hwy. Patrol,* 10th Dist. No. 15AP-869, 2016-Ohio-8263, ¶ 12, citing *Morrow v. Reminger & Reminger Co., LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 15} Dr. Rooney alleged in his complaint that Davis, the Patrol dispatcher, assumed a duty on behalf of the Patrol to act on behalf of the decedent, Ms. Rooney, when she accepted the call from the Chillicothe Police Department dispatcher requesting backup to intercept a vehicle described as being driven recklessly and which ultimately collided with Ms. Rooney's vehicle, injuring her so severely that she died. Davis failed to dispatch a Patrol car to the scene. Dr. Rooney alleged that the Patrol, as the agency responsible for traffic safety and enforcement, had affirmatively assumed a duty to act on behalf of Ms. Rooney. Dr. Rooney also alleged that the Patrol knew or should have known that failing to dispatch an officer to a report of a reckless driver could lead to the type of harm sustained by Ms. Rooney. Dr. Rooney also alleged that the Patrol "had direct contact with Annie Rooney and/or others acting on Annie Rooney's behalf prior to and immediately after the collision" and that Ms. Rooney relied on "[the Patrol's] affirmative undertaking to provide traffic enforcement on the state's roadways." (Feb. 19, 2016 Compl. at ¶ 24-25.) Dr. Rooney also alleged that Davis breached a duty of care in failing to dispatch a Patrol officer in response to the call and that this was the direct and proximate cause of Ms. Rooney's death. Dr. Rooney concluded that these facts were sufficient to establish that "a special relationship existed between [the Patrol] and Annie Rooney; therefore R.C. § 2743.02(A)(3) does not bar [Dr. Rooney's] claims." *Id.* at ¶ 29.

No. 16AP-204

{¶ 16} Unless Dr. Rooney pled sufficient facts to overcome the state's R.C. 2743.02(A)(3)(a) immunity to suit, the State of Ohio is not liable in a civil action for negligence based on the performance or nonperformance of a "public duty," which includes law enforcement or emergency response activity under R.C. 2743.01(E)(1)(a). And unless it can be demonstrated that there exists a "special relationship" according to the four-part test set forth in R.C. 2743.02(A)(3)(b) between the State and the injured party, immunity bars recovery.

{¶ 17} In dismissing the complaint, the Court of Claims found among other things, that Dr. Rooney had not pled sufficient facts to support the third and fourth elements to establish that Ms. Rooney justifiably relied on the State's affirmative undertaking on her behalf. That is, assuming that Davis represented to the local police dispatcher that she would dispatch a Patrol officer, nothing in Dr. Rooney's complaint provides factual allegation that his daughter actually relied on such an affirmative undertaking:

> [B]ecause neither Davis nor [the Patrol] had direct contact with [Ms. Rooney], she could not have justifiably relied on [the Patrol's] employee to undertake any specific action. * * * As such, the facts of the complaint, if true, simply do not furnish a basis upon which a claim for relief may be sustained against [the Patrol].

(Entry of Dismissal at 4.)

{¶ 18} On appeal, Dr. Rooney argues that the Court of Claims and the Patrol's "interpretation of the pleading standard regarding immunity defenses is overly broad, and it contravenes well-established Ohio jurisprudence, which only requires a plaintiff to set forth facts sufficient to place a defendant on notice of the claims asserted." (May 20, 2016 Appellant's Reply Brief at 1.) Dr. Rooney argues that the Court of Claims' "narrow application of the special-relationship exception to the public duty rule completely eviscerates the plain language of R.C. 2743.02(A), which is to allow suits against the state." *Id.* at 1.

{¶ 19} Dr. Rooney relies on this Court's decision in *Scott v. Columbus Dept. of Pub. Util.*, 192 Ohio App.3d 465, 468, 2011-Ohio-677 (10th Dist.), recognizing that because Ohio is a notice-pleading state, the plaintiff need not affirmatively dispose of the immunity question altogether at the pleading stage. However, exceptions in *Scott* to the immunity provisions of R.C. Chapter 2744 apply to the immunity of political subdivisions,

and these exceptions are in the alternative. The exceptions to state immunity under R.C. Chapter 2743, and which apply in Dr. Rooney's case, are cumulative, and all of these exceptions must be supported by factual allegations to overcome state immunity. *See Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, ¶ 7.

{¶ 20} The Supreme Court of Ohio held generally in *Scott* that a plaintiff seeking to overcome immunity must allege a set of facts that, if proven, would plausibly allow for recovery. Dr. Rooney did not allege in his complaint facts sufficient to establish that a special relationship, as defined in R.C. 2743.02, existed between the Patrol and his daughter at the time of the collision. More specifically, we find that the complaint does not contain allegations of facts showing that there had been any "direct contact" between Ms. Rooney and the Patrol prior to the collision, as is required by R.C. 2743.02(A)(3)(b)(iii), or that Ms. Rooney held any "justifiable reliance" that the Patrol would take action to intercept the recklessly driven vehicle, as is required by R.C. 2743.02(A)(3)(b)(iv).

{¶ 21} This Court recently addressed a similar negligence claim against State agents in *Rudd* at ¶ 16, in which we held that any duty owed to employees and patrons of a truck stop was a public duty owed generally to the public at large rather than an assumption by the State, by means of promises or actions to specifically act on behalf of the party allegedly injured. R.C. 2743.02(A)(3)(b)(i). In *Rudd,* we discussed *Connor v. Wright State Univ.,* 10th Dist. No 13AP-116, 2013-Ohio-5701, in which we thoroughly addressed each statutory element of R.C. 2743.02(A)(3) concerning a special relationship such that would overcome state statutory immunity. We held that a university student who committed suicide after intervention by university police and who had extensive contact with officers who had undertaken effort to monitor the student's behavior and avert self-harm, no special relationship existed "because the student had not justifiably relied on the affirmative undertaking by the university to act on his behalf" and that a "special relationship must be with the injured party." *Rudd* at ¶ 18.

{¶ 22} Applying our analysis and holding in *Rudd* to Dr. Rooney's case, we find that the facts as pled in his complaint do not permit it to survive a Civ.R. 12(B)(6) motion to dismiss. The allegations that Ms. Rooney had "direct contact" with the Patrol or any other individuals involved in the collision, or that any other individuals involved were

No. 16AP-204

agents of Ms. Rooney, are not sufficiently supported by factual allegations in the complaint. Rather, they appear in the complaint as legal conclusions. Absent facts tending to show that there was direct contact between the State's agents and the injured party as required by R.C. 2743.02(A)(3)(b)(iii) and that there was justifiable reliance on an affirmative undertaking by the State by Ms. Rooney, we cannot find that the facts as pled in the complaint should have survived the Patrol's motion to dismiss.

## IV. CONCLUSION

{¶ 23} Based on the foregoing, we overrule Rooney's assignment of error and affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

SADLER and LUPER SCHUSTER, JJ., concur.

———————————