[Cite as *Chaganti v. Cincinnati Ins. Co.*, 2025-Ohio-1982.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Naren Chaganti, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 24AP-429 |
| v. | : | (C.P.C. No. 24CV-2054) |
| Cincinnati Insurance Company, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 3, 2025

**On brief:** *Naren Chaganti*, pro se.

**On brief:** *Lewis Brisbois Bisgaard & Smith LLP*, and *Joseph Fiorello*, for appellee. **Argued:** *Joseph Fiorello*.

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1}  Plaintiff-appellant, Naren Chaganti, appeals the judgment of the Franklin County Court of Common Pleas, which dismissed as untimely his complaint against defendant-appellee, Cincinnati Insurance Company ("Cincinnati"), for breach of contract and breach of good faith and fair dealing. For the following reasons, we agree with the trial court's determination that Chaganti's complaint was untimely, and we therefore affirm the trial court's judgment.

## I.  FACTS AND PROCEDURAL BACKGROUND

{¶ 2}  Chaganti filed his complaint against Cincinnati for breach of contract and breach of good faith and fair dealing in the Franklin County Court of Common Pleas on March 11, 2024.  Chaganti alleges that Cincinnati insured non-parties Whispering Oaks Residential Care Facility LLC and Whispering Oaks RFC Management Company Inc. (collectively "Whispering Oaks"), which owned and operated a residential-care business in

Wildwood, Missouri, under a policy of property insurance between 2008 and 2011. (Mar. 11, 2024 Compl. at ¶ 8-9.) He alleges that Cincinnati received "timely notice" of a "series of incidents" that occurred in 2010, but that Cincinnati breached the insurance contract by rejecting Whispering Oaks' insurance claims. *Id.* at ¶ 10. Chaganti further alleges that, by failing to pay Whispering Oaks' claims, Cincinnati "breached the duty of good faith and fair dealing implicit in every contract." *Id.* at ¶ 13. Chaganti claims he is the assignee of Whispering Oaks' rights and that he is suing Cincinnati on his own behalf. *Id.* at ¶ 2.

{¶ 3} On April 30, 2024, Cincinnati filed a Civ.R. 12(B)(6) motion to dismiss Chaganti's complaint, primarily arguing that Chaganti's claims are barred by the statute of limitations. Chaganti opposed Cincinnati's motion, but on June 20, 2024, the trial court granted the motion to dismiss on the basis that Chaganti's claims are time-barred.

{¶ 4} Chaganti filed a timely notice of appeal and, by his single assignment of error, argues that the trial court erred by concluding that the complaint is time-barred.

## II. ANALYSIS

### A. Civ.R. 12(B)(6) and the standard of review

{¶ 5} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural; it tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). When presented with a Civ.R. 12(B)(6) motion to dismiss, a court's scrutiny is "limited to the four corners of the complaint" and any incorporated exhibits. *Loveland Edn. Assn. v. Loveland City School Dist. Bd. of Edn.*, 58 Ohio St.2d 31, 32 (1979). The court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). The court may grant a Civ.R. 12(B)(6) motion to dismiss only if it appears beyond doubt from the complaint that the plaintiff can prove no set of facts that would entitle them to recover. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 6} As an affirmative defense, the statute of limitations is often a difficult matter to successfully raise in a Civ.R. 12(B)(6) motion, because " 'affirmative defenses typically rely on matters outside the complaint.' " *Schmitz v. Natl. Collegiate Athletic Assn.*, 2018-Ohio-4391, ¶ 41, quoting *Main v. Lima*, 2015-Ohio-2572, ¶ 14 (lead opinion) (3d Dist.). A

motion for summary judgment provides a better procedural mechanism for raising an affirmative defense because a motion for summary judgment permits introduction of additional facts beyond those alleged in the complaint. *Savoy v. Univ. of Akron*, 2012-Ohio-1962, ¶ 7 (10th Dist.). Nevertheless, a court may dismiss a complaint as untimely under Civ.R. 12(B)(6) when, after accepting the factual allegations as true and making all reasonable inferences in favor of the plaintiff, the complaint shows conclusively on its face that the action is time-barred. *Schmitz* at ¶ 11, citing *Matiland v. Ford Motor Co.*, 2004-Ohio-5717, ¶ 11, and *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 379 (1982).

**{¶ 7}** We review de novo a trial court's dismissal of a complaint pursuant to Civ.R. 12(B)(6). *Adams v. Margarum*, 2017-Ohio-2741, ¶ 12 (10th Dist.), citing *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5, and *Rooney v. Ohio State Hwy. Patrol*, 2017-Ohio-1123, ¶ 13 (10th Dist.).

## B. The statute of limitations on Chaganti's contract claim expired on September 28, 2020

**{¶ 8}** There is no dispute that R.C. 2305.06, which sets out a statute of limitations for claims on a written contract, is the statute of limitations that applies to Chaganti's contract claim against Cincinnati. The crux of the parties' dispute is which *version* of R.C. 2305.06 applies here. R.C. 2305.06 has been amended twice since 2010, when Cincinnati allegedly breached its insurance contract with Whispering Oaks. In 2010, R.C. 2305.06 provided a 15-year limitations period for commencing a claim upon a written contract: "Except as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued." 1992 Am.Sub.H.B. No. 152.

**{¶ 9}** The General Assembly amended R.C. 2305.06 in 2012 to reduce the limitations period for commencing a claim upon a written contract from 15 years to 8 years. As amended in 2012, R.C. 2305.06 stated, "Except as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a specialty or an agreement, contract, or promise in writing shall be brought within eight years after the cause of action accrued." 2012 Sub.S.B. No. 224 ("S.B. 224"). Section 4 of S.B. 224 addressed application of the amended statute to causes of action that had accrued prior to its effective date. It stated:

> For causes of action that are governed by section 2305.06 of the Revised Code and accrued prior to the effective date of this act, the period of limitations shall be eight years from the effective date of this act or the expiration of the period of limitations in effect prior to the effective date of this act, whichever occurs first.

*Id.*

{¶ 10} The General Assembly again amended R.C. 2305.06 in 2021 S.B. 13 ("S.B. 13") to further reduce the limitations period for commencing a claim upon a written contract from eight years to six years. The 2021 version of R.C. 2305.06 states, "Except as provided in sections 126.301, 1302.98, 1303.16, 1345.10, and 2305.04 of the Revised Code, an action upon a specialty or an agreement, contract, or promise in writing shall be brought within six years after the cause of action accrued." *Id.* Uncodified language in Section 4 of S.B. 13 mirrored the language in Section 4 of S.B. 224. It stated that, for causes of action that accrued prior to the effective date of S.B. 13, the limitations period would be the shorter of six years from the effective date of S.B. 13 or the expiration of the limitations period in effect prior to the effective date.

{¶ 11} In its motion to dismiss, Cincinnati argued that Chaganti's complaint was untimely because it was not filed by September 28, 2020, eight years after the effective date of S.B. 224. Chaganti, on the other hand, argued that he timely filed his complaint, because the complaint is subject to the 15-year limitations period in effect prior to the 2012 amendment to R.C. 2305.06. Thus, Chaganti maintains he was entitled to file his complaint at least until 2025.

{¶ 12} The trial court found that Chaganti's breach-of-contract claim accrued, at the latest, in 2010, at which time R.C. 2305.06 provided for a 15-year limitations period. But relying on Section 4 of S.B. 224, the trial court went on to state, "After the statute of limitations started to run, [S.B.] 224 reduced the statute of limitations on the . . . breach of contract claims to 15 years from 2010 (*i.e.*, 2025) or eight years from September 28, 2012 (*i.e.*, September 28, 2020), *whichever occurs first.*" (Emphasis added.) (June 20, 2024 Decision & Entry on the Def.'s Mot. to Dismiss at 5.) As September 28, 2020 predated 2025, the trial court concluded that the applicable statute of limitations on Chaganti's breach-of-contract claim expired on September 28, 2020 and that Chaganti's complaint, filed in 2024, was therefore time-barred. We agree.

{¶ 13} We reject Chaganti's argument that the unambiguous codified language in the various versions of R.C. 2305.06 preclude reliance on the uncodified language in Section 4 of S.B. 224 (or its equivalent in S.B. 13). Each version of R.C. 2305.06 addresses when "an action . . . shall be brought," but it does not limit its application to causes of action that accrue after its effective date. In *Agrawal v. Univ. of Cincinnati*, 2017-Ohio-8644 (10th Dist.), this court acknowledged and addressed the effect of Section 4 of S.B. 224, although we ultimately concluded that R.C. 2305.06 was inapplicable because the case involved a filing in the Court of Claims of Ohio and was therefore subject to a different statute of limitations. We stated, "For claims that accrued prior to September 28, 2012, the statute of limitations [under R.C. 2305.06] is the lesser of 15 years from the date of accrual or 8 years from September 28, 2012, the effective date of the [S.B. 224] amendment." *Id.* at ¶ 12. Other Ohio appellate courts have similarly applied this plain reading of S.B. 224— including Section 4 of the act—to determine the applicable limitations period for claims that accrued prior to the effective date of S.B. 224. *See Rudolph v. Viking Internatl. Res. Co. Inc.*, 2017-Ohio-7369, ¶ 59, fn. 5 (4th Dist.); *Brook Park v. Cleveland*, 2023-Ohio-3365, ¶ 42 (8th Dist.). Because September 28, 2020—eight years from the effective date of S.B. 224—occurred before the expiration of the prior 15-year limitations period, beginning in 2010, the statute of limitations applicable to Chaganti's contract claim expired on September 28, 2020.

{¶ 14} Chaganti cites *Tabbaa v. Nouraldin*, 2022-Ohio-1172 (8th Dist.), to argue that the 15-year limitations period in effect prior to the effective date of S.B. 224 remained applicable to his claim, despite the 2012 amendment to R.C. 2305.06. In *Tabbaa*, the Eighth District Court of Appeals considered the timeliness of a breach-of-contract claim that arose in 2010 or 2011, prior to the effective date of either the 2012 or 2021 amendments to R.C. 2305.06, and that was filed in 2019. The Eighth District stated:

> A six-year statute of limitations beginning on June 16, 2021, the effective date of the most recent amendment to R.C. 2305.06, would expire in 2027. Assuming the breach-of-contract claim arising from the parties' written contract accrued in 2010, the 15-year statute of limitations in effect prior to the 2012 amendment would not expire until 2025, which will occur before 2027. Therefore, the 15-year statute of limitations in effect prior to the 2012 and 2021 amendments applies to the parties' written contract.

*Id.* at ¶ 20. Not only is *Tabbaa* not binding on this court, but the Eighth District's reasoning was dicta, because the complaint there would have been timely filed whether the applicable limitations period was 15 years from 2010, eight years from September 28, 2012, or six years from June 16, 2021. We nevertheless reject, as contrary to the plain and unambiguous language of S.B. 224, the Eighth District's conclusion that the 15-year limitations period applied in *Tabbaa*. Indeed, the year after *Tabbaa*, the Eighth District itself applied R.C. 2305.06 exactly as we do here, stating, "[f]or claims that accrued *prior to* September 28, 2012, the effective date of S.B. 224, the statute of limitations is the lesser of 15 years from the date of accrual or 8 years from September 28, 2012." (Emphasis in original.) *Brook Park* at ¶ 42, citing *Agrawal* at ¶ 12.

### C. Application of S.B. 224 here does not violate the Retroactivity Clause of the Ohio Constitution

{¶ 15} Chaganti argues that application of S.B. 224 to his claims would violate the Retroactivity Clause in Article II, Section 28 of the Ohio Constitution, which states, "[t]he general assembly shall have no power to pass retroactive laws." Noting the "fundamental distinction . . . between a law changing accrued substantive rights and a law which changes the remedy for the enforcement of those rights," the Supreme Court of Ohio has held that the prohibition stated in the Retroactivity Clause applies "to laws disturbing *substantive* rights." (Emphasis added.) *Weil v. Taxicabs of Cincinnati, Inc.*, 139 Ohio St. 198, 204 (1942), citing *State ex rel. Slaughter v. Indus. Comm.*, 132 Ohio St. 537 (1937), *Smith v. New York Cent. RR. Co.*, 122 Ohio St. 45 (1930), and *Safford v. Metro. Life Ins. Co.*, 119 Ohio St. 332 (1928). It recognized the consensus "that a statute which relates exclusively to remedial rights is not within the purview of the constitutional inhibition against the legislative enactment of retroactive laws." *Id.* at 203. *See also Gregory v. Flowers*, 32 Ohio St.2d 48, 52-53 (1972) (the court "has long adhered to the accepted theory that [the] ban against retroactive legislation is applicable solely to substantive, as opposed to remedial, laws"). Remedial laws are those that affect only the remedy provided and "include laws that which merely substitute a new or more appropriate remedy for the enforcement of an existing right." *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 107 (1988). Statutes of limitations are remedial in nature. *Flagstar Bank, F.S.B. v. Airline Union's Mtg. Co.*, 2011-Ohio-1961, ¶ 7; *Gregory* at paragraph one of the syllabus.

{¶ 16} It is not only the remedial nature of statutes of limitations that makes the Retroactivity Clause inapplicable here, however. It is also inapplicable because, by its express terms and as applied here, the version of R.C. 2305.06 enacted by S.B. 224 in 2012 does not apply retroactively; it applies only *prospectively* to civil actions filed *after* its effective date. In *Estate of Johnson v. Randall Smith, Inc.*, 2013-Ohio-1507, the Supreme Court considered whether a statute that took effect on September 13, 2004 applied to a case filed three years later, in 2007, but that was based on a cause of action that accrued in 2001. The statute at issue, R.C. 2317.43, prohibited the use of sympathetic statements and gestures made by a healthcare provider as evidence in a civil action " 'brought' " by a victim of an unanticipated outcome of medical care. *Estate of Johnson* at ¶ 14, quoting R.C. 2317.43. The Supreme Court stated, "By its express terms, R.C. 2317.43 applies to 'any civil action brought' by persons described in the statute. This means that the statute applies to a civil lawsuit filed after the effective date of the statute." *Id.* at ¶ 16. The Supreme Court held that "the court of appeals' concern over retroactive application of the statute was unnecessary, for the trial court used a prospective application" of the statute to exclude a doctor's statement. *Id.* at ¶ 21. It stated:

> R.C. 2317.43 took effect on September 13, 2004, covering "any civil action brought" after that date. The Johnsons' filing of this case on July 26, 2007, meant that the statute applied. This interpretation gives effect to the plain meaning of the statute, as well as R.C. 1.48's instruction that laws are presumed to apply prospectively.

*Id.*

{¶ 17} Like the statute at issue in *Estate of Johnson*, the 2012 and 2021 amendments to R.C. 2305.06 apply prospectively to cases filed after their respective effective dates. They state, "an action upon a . . . contract . . . in writing *shall be brought*" within eight years under the 2012 amendment or within six years under the 2021 amendment "after the cause of action accrued." (Emphasis added.) By their express terms, the amended statutes apply to actions commenced after their effective dates. *See Estate of Johnson* at ¶ 15-16. The fact that Chaganti's cause of action accrued prior to the effective date of the statutory amendments does not make application of the amendments retroactive as to his later-filed complaint. *See id.* at ¶ 20 ("a statute is properly applied prospectively if it has been enacted

after the cause of action [accrued] but before the trial of the case"), citing R.C. 1.48 and *Denicola v. Providence Hosp.*, 57 Ohio St.2d 115, 117-118 (1979).

{¶ 18} Although the amended versions of R.C. 2305.06 apply prospectively, the Supreme Court has acknowledged that even a statute that applies only prospectively may, through its operation, violate the Retroactivity Clause if it destroys vested rights. *Taylor v. First Resolution Inv. Corp.*, 2016-Ohio-3444, ¶ 55, citing *Tobacco Use Prevention & Control Found. Bd. of Trustees v. Boyce*, 2010-Ohio-6207, ¶ 14, citing *Van Fossen* at 105. The constitutional limitation against retroactive laws " 'include[s] a prohibition against laws which commenced on the date of enactment and which operated in futuro, but which, in doing so, divested rights, particularly property rights, which had been vested anterior to the time of enactment of the laws.' " *Van Fossen* at 105, quoting Smead, *The Rule Against Retroactive Legislation: A Basic Principle of Jurisprudence*, 20 Minn.L.Rev. 775, 781-782 (1936).

{¶ 19} "The shortening of a statute of limitations . . . does not necessarily extinguish a vested right," and it "is constitutionally permissible when it does not destroy an existing cause of action." *Taylor* at ¶ 56. The delineation for purposes of the Retroactivity Clause is " 'between the operation of an amended statute of limitation which *totally* obliterates an existing substantive right and one which merely shortens the period of time in which the remedy can be realized.' " (Emphasis in original.) *Id.*, quoting *Cook v. Matvejs*, 56 Ohio St.2d 234, 237 (1978). The "crucial factor" to avoid a constitutional infirmity is "[t]he continued vitality of the cause of action after the amendment" to the statute of limitation. *Id.* A " ' "period of limitations already running may . . . be shortened by the legislature" as long as "a period sufficiently long to allow a reasonable time to begin suit" is allowed.' " *Id.* at ¶ 57, quoting *State ex rel. Nickoli v. Erie MetroParks*, 2010-Ohio-606, ¶ 29, quoting 1A Sackman, *Nichols on Eminent Domain*, Section 4.102[3], at 4-74 (3d Ed. 2006).

{¶ 20} Although S.B. 224 shortened the statute of limitations for written-contract claims from 15 years to 8 years after Chaganti's cause of action accrued, application of the amended statute did not " 'totally obliterate an existing substantive right,' " because it allowed Chaganti 8 years from the effective date of the amendment to commence his contract claim. *Id.* at ¶ 56. Thus, the prospective application of the amended statute of

limitations enacted by S.B. 224 in this case did not violate the Retroactivity Clause of the Ohio Constitution.

### D. Chaganti's filing of his claims in California is irrelevant to application of the statute of limitations

**{¶ 21}** In his complaint, Chaganti alleged, "A suit was filed in January 2020 in the Santa Clara County Superior Court, California, but it was dismissed for lack of personal jurisdiction over Cincinnati." (Compl. at ¶ 5.) Chaganti acknowledges that allegation early in his appellate brief, but later in his brief, citing paragraph five of the complaint, states that he filed his suit against Cincinnati in California "in January *2010.*" (Emphasis added.) (Appellant's Brief at 3, 7.) Chaganti argues that, because he had begun to enforce his accrued cause of action in California, the 15-year limitations period, "as it existed before the filing of the California suit[,] remains applicable to this case."[1] (Appellant's Brief at 8.)

**{¶ 22}** The fact that Chaganti initially filed his claims against Cincinnati in California does not save him from application of the S.B. 224 version of R.C. 2305.06. Chaganti premises his argument on a misstatement—that he filed the California action in 2010 rather than in 2020. We are limited, however, to the facts as alleged in the complaint and must accept as true Chaganti's allegation that he filed his lawsuit in California in 2020, by which time the S.B. 224 amendment to R.C. 2305.06, shortening the statute of limitations for claims on a written contract to eight years, had been in effect since 2012. Thus, the enactment of S.B. 224 predated any attempt by Chaganti to enforce his causes of action against Cincinnati in any forum, and the California case is irrelevant to and has no effect on the inquiry regarding which version of R.C. 2305.06 applies here.

### E. Chaganti waived the unpersuasive argument that a 15-year statute of limitations was incorporated into the insurance policy

**{¶ 23}** In another attempt to avoid application of the S.B. 224 version of R.C. 2305.06 here, Chaganti argues that the 15-year statute of limitations in effect prior to September 28, 2012 was incorporated as a matter of law into the Cincinnati insurance policy and could not be altered. Chaganti, however, did not raise that argument in his opposition to Cincinnati's motion to dismiss in the trial court. It is well-settled that an appellant may not raise new issues for the first time on appeal. *See Marchbanks v. Ice*

---

[1] It would be easy to excuse the reference to 2010 as a typographical error had Chaganti not gone on to argue that he filed the California action *before* the amendment of the 15-year statute of limitations in 2012.

*House Ventures, LLC,* 2024-Ohio-417, ¶ 17 (10th Dist.), citing *Tucker v. Leadership Academy for Math*, 2014-Ohio-3307, ¶ 20 (10th Dist.). Failure to raise an issue at the trial level waives it for purposes of appeal. *Id.,* citing *Bell v. Teasley*, 2011-Ohio-2744, ¶ 15 (10th Dist.), citing *Gangale v. Ohio Bur. of Motor Vehicles*, 2002-Ohio-2936, ¶ 13 (10th Dist.). We accordingly conclude that Chaganti waived this issue and may not pursue it on appeal.

{¶ 24} Even assuming Chaganti did not waive this argument, his reliance on *Benson v. Rosler*, 19 Ohio St.3d 41 (1985), is misplaced. *Benson* involved a statute that affected the substantive coverage provisions in an insurance policy. The insurance policies at issue in *Benson*, initially issued on May 6, 1980, contained anti-stacking provisions, which the Supreme Court had previously determined to be unenforceable as against public policy in *Grange Mut. Cas. Co. v. Volkmann*, 54 Ohio St.2d 58 (1978). Shortly after the issuance of the insurance policies in *Benson*, the General Assembly legislatively overruled *Volkmann* by enacting R.C. 3937.181(E), which took effect on June 25, 1980. The appellants in *Benson* subsequently renewed their insurance policies for additional six-month periods—on November 6, 1980, May 6, 1981, and November 6, 1981—and the question before the court was whether the originally unenforceable anti-stacking provisions were enforceable as part of the renewal policies, after R.C. 3937.181 took effect. The Supreme Court answered that question in the affirmative and held that the anti-stacking provisions in the renewal policies were "to be given full legal force and effect." *Id*. at 43. It stated, "*Statutes pertaining to a policy of insurance and its coverage*, which are enacted after the policy's issuance, are incorporated into any renewal of such policy if the renewal represents a new contract of insurance separate from the initial policy." (Emphasis added.) *Id*., citing 12 Appleman, Insurance Law and Practice 166, Section 7041 (1981). "Having been enacted into law and effective as of the date of the renewals of these policies, R.C. 3937.181 became a part of the policies and gave lawful force to the language as contained within the original policies relative to the stacking of insurance." *Id*. at 45.

{¶ 25} Unlike the statute at issue in *Benson*, which addressed the enforceability of substantive insurance-coverage provisions, R.C. 2305.06 is a general statute of limitations. It does not address insurance coverage and does not affect the contours of coverage provided under an insurance policy. It simply limits the time in which a person must act to *enforce* a claim for breach of a written contract, including an insurance policy. Nothing in

*Benson* can be read to require the implicit incorporation of the current statute of limitations into every insurance policy that is issued. *Benson* is thus readily distinguishable from this case, and it does not support Chaganti's position.

### F. Chaganti's good-faith and fair-dealing claims are time-barred

**{¶ 26}** The trial court dismissed Chaganti's claim for breach of good faith and fair dealing as subsumed by his breach-of-contract claim and as likewise time-barred. *See Gianetti v. Teakwood, Ltd.*, 2016-Ohio-213, ¶ 35 (10th Dist.), citing *Krukrubo v. Fifth Third Bank*, 2007-Ohio-7007, ¶ 19 (10th Dist.). Chaganti does challenge the trial court's holding that his claim for breach of good faith and fair dealing cannot independently survive the dismissal of his claim for breach of contract. We agree with the trial court that, because Chaganti's breach-of-contract is time-barred and properly dismissed, his claim for breach of good faith and fair dealing is likewise time-barred.

## III. CONCLUSION

**{¶ 27}** Having concluded that Chaganti's complaint conclusively demonstrates that his claims against Cincinnati are time-barred, we overrule his sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas, dismissing this appeal pursuant to Civ.R. 12(B)(6).

*Judgment affirmed.*

MENTEL and LELAND, JJ., concur.

———————————