[Cite as *Evans v. Atty. Gen.*, 2020-Ohio-3471.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| William H. Evans, Jr., | : | |
| Plaintiff-Appellant, | : | No. 20AP-53 |
| | | (Ct. of Cl. No. 2019-00505JD) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Attorney General et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 25, 2020

**On brief**: *William H. Evans, Jr.*, pro se.

**On brief**: *Dave Yost*, Attorney General, and *Lauren D. Emery*, for appellee Ohio Department of Rehabilitation and Correction.

APPEAL from the Court of Claims of Ohio

BROWN, J.

{¶ 1} This is an appeal by plaintiff-appellant, William H. Evans, Jr., from an entry of the Court of Claims of Ohio granting summary judgment in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC").

{¶ 2} On April 15, 2019, appellant, an inmate at the Northeast Ohio Correctional Center ("NEOCC"), filed a pro se complaint against ODRC and the Ohio Attorney General ("OAG") for declaratory judgment, injunction, and damages. In the complaint, appellant alleged he received medical treatment while incarcerated at NEOCC, and that "the underlying claim regards failures by N.E.O.C.C. Warden to properlly [sic] train staff and ensure adequate medical care, that is to ensure that all prescribed medications are properlly

[sic] given to the inmate without avoidable delays, and consistently."  (Compl. at ¶ 6.) According to the complaint, an "evening pill-call" had been "delayed until later at night, due to security, and refills are not timely refilled."  (Compl. at ¶ 8.)

{¶ 3}  The complaint also included allegations regarding a 2018 pro se complaint filed by appellant in the Mahoning County Court of Common Pleas against NEOCC, the warden of NEOCC, CoreCivic America Corporation ("CoreCivic"), and Diamond Pharmacy Services.  Appellant alleged "[t]he Mahoning Common Pleas Court dismissed the action against the N.E.O.C.C. Defendants but kept the Diamond Defendants."  Appellant further alleged that he "timely appealed," but "the 7th. District dismissed the action completely counter to law, and * * * that said dismissal was also in violation of criminal law."  (Compl. at ¶ 6.)

{¶ 4}  Appellant sought to incorporate, as part of his complaint in the Court of Claims, exhibits from the 2018 action, including the "Complaint filed in the Mahoning Common Pleas Court as case no. 18CV-1446, a Supplemental Pleading * * *, a Declaration by an inmate verifying the problems here at Plaintiff's facility," a "Brief filed by Plaintiff in the 7th. District case no. 18MA-140," as well as "a response from the Mahoning Prosecutor declining to prosecute."  (Compl. at ¶ 3.)

{¶ 5}  On May 13, 2019, ODRC filed a motion to dismiss, arguing it was not liable for the alleged torts of its independent contractor.  On May 14, 2019, the OAG filed a motion to dismiss, asserting the Court of Claims lacked jurisdiction over the claims involving the OAG, and that appellant's complaint failed to state a claim for relief.  On May 22, 2019, appellant filed a memorandum contra the motions to dismiss filed by ODRC and OAG.

{¶ 6}  On August 2, 2019, the Court of Claims filed an entry of partial dismissal, finding it lacked jurisdiction over appellant's criminal claims of conspiracy, theft, and obstructing justice, and that appellant's complaint failed to state a claim against OAG.  The Court of Claims denied ODRC's motion to dismiss.

{¶ 7}  On September 3, 2019, ODRC filed a motion for summary judgment against appellant asserting in part that the warden and staff at NEOCC are employees of CoreCivic, a private corporation, and that ODRC was not liable for alleged torts of its independent contractor.  On September 11, 2019, appellant filed a memorandum in opposition to summary judgment.  On January 7, 2020, the Court of Claims filed a decision granting

ODRC's motion for summary judgment, finding there was no dispute CoreCivic was an independent contractor and not an agent of ODRC.

{¶ 8} On appeal, appellant, pro se, sets forth the following two assignments of error for this court's review:

> Error One: Is ODRC liable for wrongful acts or omissions by it's private contractor where that contractor is performing a delegated duty of ODRC?

> Error Two: Was summary judgment authorized when the issue of principal/agent is a question of fact in dispute? Was it authorized when Ohio law mandates that the contractor adheres to all laws and rules of ODRC and Ohio, hence respondeat superior applies?

{¶ 9} Appellant's assignments of error are interrelated and will be considered together. Under these assignments of error, appellant challenges the decision of the Court of Claims granting summary judgment in favor of ODRC on the following grounds: (1) that ODRC is liable for the acts or omissions of its "private contractor" where such contractor is performing a "delegated duty" of ODRC, and (2) that issues of fact remain as to ODRC's liability based upon principal-agent or respondeat superior theories.

{¶ 10} Under Ohio law, the grant of summary judgment is proper if the moving party demonstrates: "(1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor." *Santagate v. Pennsylvania Higher Edn. Assistance Agency (PHEAA)*, 10th Dist. No. 19AP-705, 2020-Ohio-3153, ¶ 11, citing Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997). This court reviews summary judgment "under a de novo standard." *Santagate* at ¶ 11.

{¶ 11} In *Wright v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-153, 2014-Ohio-4359, this court discussed principles of agency and independent contractor law, as well as the doctrine of respondeat superior, holding in part:

> One who causes work to be done is not liable, ordinarily, for injuries that result from carelessness in its performance by the employees of an independent contractor, to whom he has let the work, without reserving to himself any control over the

> execution of it. * * * More simply, an employer is generally not liable for the negligent acts of an independent contractor that it has hired. * * * However, an employer cannot likewise evade liability if the negligent party is the employer's employee or agent. Under the doctrine of respondeat superior, an employer is vicariously liable for the negligence of its employees or agents. * * *
>
> The doctrine of respondeat superior depends on the existence of control by a principal over an agent. * * * If an employer retains control or the right to control the mode and manner of doing the work contracted for, then the relationship is one of principal and agent. * * * On the other hand, if the employer merely dictates the ultimate result to be accomplished, then the relationship is one of employer and independent contractor.
>
> In determining whether an employer has the degree of control necessary to establish agency, courts examine a variety of factors, including: whether the employer or individual controls the details of the work; whether the individual is performing in the course of the employer's business rather than in an ancillary capacity; whether the individual receives compensation from the employer, and the method of that compensation; whether the employer or individual controls the hours worked; whether the employer or individual supplies the tools and place of work; whether the individual offers his services to the public at large or to one employer at a time; the length of employment; whether the employer has the right to terminate the individual at will; and whether the employer and individual believe that they have created an employment relationship.

*Id.* at ¶ 8-10.

{¶ 12} In its motion for summary judgment on appellant's negligence action, ODRC asserted that NEOCC was privately owned and operated by CoreCivic; further, that CoreCivic was an independent contractor of ODRC and not its agent. In support, ODRC attached to its motion the affidavit of its Assistant Director, Stuart Hudson, who averred in part:

> 2. I have been employed with Defendant, the Ohio Department of Rehabilitation and Correction ("DRC") since 1994. I currently serve as the Assistant Director of DRC. As Assistant Director, my job duties include: Direct operations of major divisions to include: prisons, court and community services, holistic services, personnel, labor relations, administration and

training. Assist the Director in supervising all operations of the Department through assigning duties and responsibilities to various division and institutions. Define agency goals and objectives, formulate policies, procedures and Administrative Rules necessary for the efficient management and operation of the Department. Act on behalf of the Director in her absence.

3. The Warden, the correctional officers, and medical staff at the Northeast Ohio Correctional Center (NEOCC) are employees or agents of CoreCivic.

4. CoreCivic, independent from DRC and the State of Ohio, maintains and operates NEOCC pursuant to a contract with DRC.

5. CoreCivic maintains the premises of NEOCC and is responsible for procuring the equipment and supplies necessary to operate it.

6. While CoreCivic operates and maintains NEOCC in accordance with contractual and statutory criteria, it does so independently.[1]

7. DRC is not involved in CoreCivic's decision-making and does not control the details of the work.

8. DRC employees are not involved in the institution's daily operations nor does DRC play any part in hiring, paying, supervising, disciplining, or terminating CoreCivic's employees.

9. CoreCivic controls the hours worked and amount paid to each of its employees."

{¶ 13} In its motion, ODRC also pointed to an exhibit attached to appellant's complaint, i.e., a copy of appellant's 2018 pro se complaint filed in the Mahoning County Court of Common Pleas in which he alleged that "NEOCC is a [privately] owned correctional corporation," and that CoreCivic "is most accurately defined as a 'Contractor' for ODRC, rather than an 'Agent.' " (May 23, 2018 Compl. at ¶ 3, 5.)

---

[1] In general, "the independent contractor-employee issue is one that must be determined by the trier of fact." *Brown v. CDS Transp., Inc.*, 10th Dist. No. 10AP-46, 2010-Ohio-4606, ¶ 10. However, where "the evidence is not in conflict or where the facts are not in dispute, the issue becomes a matter of law that may be decided by the trial court." *Id.*

{¶ 14} In granting summary judgment in favor of ODRC, the Court of Claims noted that appellant "did not submit evidence to rebut that submitted by [ODRC]." (Jan. 7, 2020 Decision at 5.) The court also noted "the attachments to plaintiff's complaint, which he incorporated into his complaint, allege that CoreCivic is an independent contractor and not an agent of [ODRC] and that Diamond Pharmacy Services is an independent contractor, rather than an agent of CoreCivic." (Jan. 7, 2020 Decision at 5.) The Court of Claims thus determined the "only evidence before the court is that CoreCivic controls the daily decision-making and details of the work at NEOCC"; further, that ODRC "is not involved in hiring, paying, supervising, disciplining, or terminating CoreCivic's employees," and that "CoreCivic maintains the premises of NEOCC and controls the hours worked and amount paid to its employees." (Jan. 7, 2020 Decision at 5-6.) The Court of Claims therefore concluded "there is no dispute that CoreCivic is an independent contractor and not an agent of [ODRC, and that ODRC] cannot be held liable for the negligence of its independent contractors." (Jan. 7, 2020 Decision at 6.)

{¶ 15} Based on this court's de novo review of the record, we agree with the Court of Claims that the only evidence submitted on summary judgment regarding the relationship between ODRC and CoreCivic, including evidence as to right to control the mode and manner of performing the work, points to that of independent contractor status. Appellant produced no countervailing materials that would create a genuine issue of material fact as to the nature of CoreCivic's relationship with ODRC. In fact, as noted by the Court of Claims, the attachments to appellant's complaint included a copy of his 2018 common pleas complaint in which he alleged that CoreCivic "is an independent contractor and not an agent of" ODRC. (Jan. 7, 2020 Decision at 5.) Accordingly, the record supports the Court of Claims' determination that CoreCivic is an independent contractor and not an agent of ODRC, and we therefore find no merit to appellant's contention that issues of fact remain as to the liability of ORDC under theories of principal-agent or respondeat superior.

{¶ 16} Apparently conceding that CoreCivic is an independent contractor of ODRC, appellant asserts the Court of Claims erred in failing to find ODRC liable under the doctrine of non-delegable duty for the alleged negligence of its independent contractor. Appellant, however, failed to raise before the Court of Claims, either in his pleading or in his memorandum in opposition to summary judgment, the claim that ODRC was liable on the

basis of a non-delegable duty.  Under Ohio law, "[i]ssues raised for the first time on appeal are deemed to have been waived or forfeited through failure to assert them before the trial court." *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 10th Dist. No. 18AP-736, 2019-Ohio-4015, ¶ 7.  *See also Tucker v. Leadership Academy for Math & Science of Columbus*, 10th Dist. No. 14AP-100, 2014-Ohio-3307, ¶ 20, quoting *Henson v. Cleveland Steel Container Corp.,* 11th Dist. No. 2008-P-0053, 2009-Ohio-180, ¶ 77 ("while this court's standard of review on a motion for summary judgment is de novo, that standard 'does not supersede [an appellate court's] settled practice of not addressing issues raised for the first time on appeal' ").  Having failed to raise the issue before the Court of Claims, appellant is barred from raising this theory of liability for the first time on appeal.  While we conclude the issue was waived, we further note that appellant, while arguing on appeal that a non-delegable duty arose by contract, failed to submit any evidence on summary judgment regarding contractual provisions between ODRC and CoreCivic.

{¶ 17} Finding no genuine issue of material fact as to CoreCivic's status as an independent contractor, we conclude the Court of Claims did not err in granting summary judgment in favor of ODRC.  Based on the foregoing, appellant's two assignments of error are overruled, and the judgment of Court of Claims of Ohio is hereby affirmed.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

_____