[Cite as *Banks v. Bur. of Workers' Comp.*, 2018-Ohio-5246.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Elizabeth Banks, as Administratrix of
the Estate of Daniel Banks, Deceased,      :

                                           :

        Plaintiff-Appellant,               :          No. 17AP-748
                                                      (Ct. of Cl. No. 2016-00922)
                                           :
v.
                                           :       (ACCELERATED CALENDAR)
Ohio Bureau of Workers' Compensation,
                                           :
        Defendant-Appellee.
                                           :

_____

D E C I S I O N

Rendered on December 27, 2018

_____

**On brief**: *Kisling, Nestico & Redick, LLC, Christopher J. Van
Blargan*, and *Michael J. Maillis*, for appellant. **Argued**:
*Christopher J. Van Blargan*.

**On brief**: *Michael DeWine*, Attorney General, and *Velda K.
Hofacker*, for appellee. **Argued**: *Velda K. Hofacker*.

_____

APPEAL from the Court of Claims of Ohio.

BROWN, P.J.

{¶ 1} This is an appeal by plaintiff-appellant, Elizabeth Banks, as Administratrix of the Estate of Daniel Banks, Deceased, from a judgment of the Court of Claims of Ohio granting a motion for judgment on the pleadings filed by defendant-appellee, Ohio Bureau of Workers' Compensation ("BWC").

{¶ 2} Appellant is the administratrix for the estate of Daniel Banks ("Banks" or "the decedent"). On December 20, 2016, appellant filed a complaint against BWC, alleging Banks, an aluminum extrusion press operator employed by BRT Extrusions, Inc.

("BRT"), died on August 5, 2014 as a result of an industrial accident involving an extrusion press.

{¶ 3} According to the complaint, BRT's normal operating procedures required the extrusion press to be set to "semi-automatic" to prevent the machine from cycling "without human action and verification that no one was in the point of operation when the machine cycled." (Compl. at ¶ 8.) However, after Banks left the machine for a lunch break, another worker set the press to "automatic." (Compl. at ¶ 8.) On returning from lunch, "a butt from the aluminum billet used in the press fell into the press' point of operation." (Compl. at ¶ 9.) Banks walked around to the back of the machine to clear the butt, unaware that the press had been set to automatic. As Banks attempted to clear the butt, the press cycled and he was crushed in an unguarded pinch point. Banks subsequently died of his injuries.

{¶ 4} The complaint alleged BRT had previously entered into an agreement with BWC whereby "BWC agreed gratuitously or for pay to provide BRT with safety consulting services including but not limited to evaluating guarding and the safety of extrusion press operations, and recommending actions to meet industry safety standards." (Compl. at ¶ 11.) It was further alleged BRT "justifiably relied upon the services provide[d] by BWC to determine whether the extrusion press' operations and Banks' workplace presented an unreasonable risk of danger and in taking action to improve safety." (Compl. at ¶ 12.)

{¶ 5} Appellant alleged BWC was negligent in: (1) failing to recommend a comprehensive guarding audit to determine if the extrusion press' guarding was adequate for its operation, (2) inspecting the extrusion press and its guards, (3) failing to advise BRT or others that the extrusion press guarding was inadequate for its operation, and (4) recommending inadequate guards.

{¶ 6} On January 18, 2017, BWC filed an answer. On May 9, 2017, BWC filed a motion for judgment on the pleadings, pursuant to Civ.R. 12(C), asserting the complaint was barred by the public duty statute. On May 23, 2017, appellant filed a memorandum in opposition to BWC's motion for judgment on the pleadings.

{¶ 7} By entry filed October 6, 2017, the Court of Claims granted BWC's motion for judgment on the pleadings. In its decision, the Court of Claims found BWC was

entitled to public duty immunity, pursuant to R.C. 2743.02(A)(3) and 2743.01(E)(1), and that no special relationship existed between BWC and Banks.

{¶ 8} On appeal, appellant sets forth the following three assignments of error for this court's review:

> [I.] The Court of Claims court erred in granting the BWC judgment on the pleadings based on its finding that the BWC performed a public duty in providing individualized safety consulting services to BRT Extrusions where such task is typically performed by the employer or third party safety consultants retained by the employer to fulfill the employer's duty to its employees under Revised Code Section 4101.11. Ohio's Frequenter Statute.
>
> [II.] Assuming the activities performed by the BWC were public duties, the Court of Claims nevertheless erred in granting judgment on the pleadings based on its finding the Estate could not as a matter of law demonstrate the existence of a special relationship between the BWC and decedent under Revised Code Section 2743.02(A)(3)(b).
>
> [III.] Assuming that the Estate failed to plead sufficient operative facts to demonstrate a special relationship between the BWC and the decedent, the Court of Claims abused its discretion in denying the Estate's Motion for Leave to Amend Complaint where the Estate submitted evidence demonstrating that amendment would not be fruitless and dismissal was with prejudice.

{¶ 9} Appellant's first and second assignments of error are interrelated and will be considered together. Under these assignments of error, appellant asserts the Court of Claims erred in granting BWC's motion for judgment on the pleadings on the grounds that BWC performed a public duty in providing safety consulting services to BRT, and appellant could not demonstrate the existence of a special relationship between BWC and decedent.

{¶ 10} Civ.R. 12(C) states: "After the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings, pursuant to Civ.R. 12(C), "has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted." *Tran v. State,* 10th Dist. No. 09AP-587, 2009-Ohio-6784, ¶ 10. In ruling on a motion for

judgment on the pleadings, a trial court is permitted to "consider both the complaint and answer." *Zhelezny v. Olesh,* 10th Dist. No. 12AP-681, 2013-Ohio-4337, ¶ 8. The trial court "must construe all the material allegations of the complaint as true, and must draw all reasonable inferences in favor of the nonmoving party." *Id.* The court may grant the motion "if it finds, beyond doubt, that the plaintiff can prove no set of facts in support of the claim(s) that would entitle him or her to relief." *Id.*

{¶ 11} A motion for judgment on the pleadings under Civ.R. 12(C) "tests the allegations of the complaint and presents a question of law." *Id.* at ¶ 9. As such, an appellate court's "review of a decision to grant judgment on the pleadings is de novo." *Id.*

{¶ 12} R.C. 2743.02(A)(3)(a) states in part: "Except as provided in division (A)(3)(b) of this section, the state is immune from liability in any civil action or proceeding involving the performance or nonperformance of a public duty." This court has noted that R.C. 2743.02(A)(3)(a) "represents an exception to the state's waiver of sovereign immunity, as set forth in R.C. 2743.02(A)(1)." *Burr v. Ohio State Hwy. Patrol,* 10th Dist. No. 12AP-26, 2012-Ohio-4906, ¶ 19.

{¶ 13} R.C. 2743.01(E)(1) defines public duty in part as follows:

> "Public duty" includes, but is not limited to, any statutory, regulatory, or assumed duty concerning any action or omission of the state involving any of the following:
>
> (a) Permitting, certifying, licensing, inspecting, investigating, supervising, regulating, auditing, monitoring, law enforcement, or emergency response activity.

{¶ 14} The doctrine of public duty immunity "does not apply, however, 'under circumstances in which a special relationship can be established between the state and an injured party.' " *Lawrence v. Meridian Senior Living, L.L.C.,* 10th Dist. No. 16AP-326, 2016-Ohio-8500, ¶ 8, quoting R.C. 2743.02(A)(3)(b). In this respect, "[t]he statute provides a four-part test for determining whether a special relationship exists that will overcome the state's public duty immunity." *Id.* Specifically, R.C. 2743.02(A)(3)(b) states:

> The state immunity provided in division (A)(3)(a) of this section does not apply to any action of the state under circumstances in which a special relationship can be established between the state and an injured party. A special

relationship under this division is demonstrated if all of the following elements exist:

(i) An assumption by the state, by means of promises or actions, of an affirmative duty to act on behalf of the party who was allegedly injured;

(ii) Knowledge on the part of the state's agents that inaction of the state could lead to harm;

(iii) Some form of direct contact between the state's agents and the injured party;

(iv) The injured party's justifiable reliance on the state's affirmative undertaking.

{¶ 15} We initially address appellant's contention that the Court of Claims erred in concluding the public duty doctrine was applicable to BWC's safety consulting services. According to appellant, the services provided by BWC are similar to those typically provided by an employer or third-party safety consultants (i.e., commonly performed by private entities) and, therefore, should not be subject to the public duty doctrine. In support, appellant relies in part on a decision by this court in *Jones v. Dept. of Health, Div. of Public Health & Laboratories,* 69 Ohio App.3d 480, 488 (10th Dist.1990), holding the public duty doctrine did not apply to laboratory testing by the Ohio Department of Health ("ODH") for phenylketonuria ("PKU") with respect to newborn babies, as "ODH performs the same function as private laboratories when it tests samples for PKU."

{¶ 16} In response, BWC argues appellant ignores the clear statutory definition of the public duty statute and seeks to invoke a common law exception by relying on a decision (*Jones*) that predates the statute. BWC maintains the public duty statute provides only one exception to public duty immunity, i.e., the special relationship test.

{¶ 17} As noted, appellant's complaint alleged BWC agreed to provide safety consulting services to BRT, including "evaluating guarding and the safety of extrusion press operations, and recommending actions to meet industry safety standards." Further, appellant alleged BWC was negligent in (1) failing to recommend a comprehensive guarding audit, (2) inspecting the extrusion press and guards, (3) failing to advise BRT or others that the extrusion guarding was inadequate for its operation, and (4) in recommending inadequate guards.

{¶ 18} In its answer, BWC admitted that "at various times BWC provided consulting services to BRT * * * at times through BRT's participation in the Industry-Specific Safety Program * * * as set forth in OAC 4123-17-56.3, and at other times through BWC's division of safety and hygiene created in R.C. 4121.37."  (Answer at ¶ 5.)

{¶ 19} R.C. 4121.37 provides for the creation of BWC's division of safety and hygiene, under which the superintendent "shall conduct investigations and researches for the prevention of industrial accidents and diseases, conduct loss prevention programs and courses for employers, establish and administrate cooperative programs with employers for the purchase of individual safety equipment for employees, and print and distribute information as may be of benefit to employers and employees."  Ohio Adm.Code 4123-17-56.3 sets forth the "[i]ndustry-specific safety program" whereby an employer is eligible for a bonus upon enrolling and participating in certain "[l]oss prevention activities."  Ohio Adm.Code 4123-17-56.3(A)(3).  Those activities include: (a) "Industry-specific safety classes prescribed by the division of safety and hygiene," (b) "Individual safety consulting with staff from the division of safety and hygiene or a sponsor approved by the division of safety and hygiene," and (c) "The division of safety and hygiene's annual safety congress."

{¶ 20} In addressing the issue of public duty immunity with respect to the allegations in the complaint, the Court of Claims held in part:

> Defendant admits in its answer that at various times, BWC provided consulting services to BRT, at times through BRT's participation in the Industry-Specific Safety Program as set forth in Ohio Administrative Code section 4123-17-56.3, and at other times through BWC's division of safety and hygiene created in R.C. 4121.37. * * * Thus, defendant's duty to inspect the extrusion press where Banks was injured was a statutory or assumed duty by BWC.  These duties are public duties, and "[a]s such, [public duties] do not flow to any private individual, including the individual being regulated, inspected, licensed or audited, and including any individuals who would benefit from these governmental functions." *Markowitz v. Dept. of Ins.,* 144 Ohio App.3d 155, 161 (10th Dist.2001).

(Entry Granting Def.'s Mot. for Judgment on the Pleadings at 3-4.)

{¶ 21} As noted, R.C. 2743.01(E)(1)(a) defines "public duty" to include any statutory, regulatory, or assumed duty concerning any action or omission of the state

involving "inspecting," "investigating," "monitoring" and "auditing" law enforcement or emergency response activity. This court has previously held, in construing provisions under R.C. Chapter 4121 (regarding the Industrial Commission), that "[s]tatutes requiring state agencies to inspect and enforce safety standards were enacted to protect the public generally against unsafe conditions," and that such statutes "were not intended * * * to create a duty toward any particular person." *Shelton v. Indus. Comm.,* 51 Ohio App.2d 125, 131 (10th Dist.1976). *See also Pursley v. Miller,* 8th Dist. No. 56537 (Feb. 1, 1990) ("safety statutes do not create a duty toward a particular person").

{¶ 22} In reviewing the pleadings at issue, we agree with the Court of Claims that the allegations regarding the safety consulting services BWC provided to BRT (i.e., involving inspecting, auditing, and consulting with an employer to address workplace safety concerns) implicate statutory or assumed duties by BWC for which the public duty doctrine is applicable. Appellant's claim that third parties also engage in activities such as inspecting, auditing, and investigating is not persuasive. Although private parties may engage in similar activities, "a private party's duty to inspect and to enforce safety standards is not created by statute." *Shelton* at 130.

{¶ 23} Having found no error with the Court of Claims' determination that the duties alleged to have been violated by BWC are public duties, we next consider appellant's contention that the Court of Claims erred in failing to find a special relationship as an exception to the public duty doctrine. As noted, an exception to the public duty doctrine "allows recovery * * * where a 'special relationship,' as defined by meeting all elements of a four-part test, is established between the state and the injured party." *Rudd v. Ohio State Hwy. Patrol*, 10th Dist. No. 15AP-869, 2016-Ohio-8263, ¶ 13. With respect to the first element necessary to prove a special relationship, "in order for the state to assume an affirmative duty to act on behalf of an injured party it must 'do more than adhere to its statutory duty.' * * * 'It must voluntarily assume some additional duty.' " *Lawrence* at ¶ 12, quoting *Commerce & Industry Ins. Co. v. Toledo,* 45 Ohio St.3d 96, 101 (1989).

{¶ 24} In the present case, the Court of Claims noted appellant's complaint alleged BWC was negligent in its performance of safety consultant services provided to BRT through an agreement between them, and that "BRT's justifiable reliance on BWC's

services resulted in injury to [appellant]." The Court of Claims determined, however, that appellant's complaint "lacks adequate underlying factual allegations of promises or actions by BWC to demonstrate that it assumed affirmative duties beyond those that it owed the public" and, further, that the complaint "lacks any allegation that Banks had some form of direct contact between himself and BWC."

{¶ 25} We agree with the Court of Claims that the complaint lacks factual allegations as to all of the elements of the special relationship exception, including facts alleging that BWC assumed an affirmative duty to act on behalf of Banks, or allegations of "direct contact" between BWC and Banks. This court has previously held the absence of such facts renders a complaint subject to dismissal pursuant to Civ.R. 12(B)(6). *Rooney v. Ohio State Hwy. Patrol*, 10th Dist. No. 16AP-204, 2017-Ohio-1123, ¶ 22 (granting Civ.R. 12(B)(6) motion to dismiss where allegations plaintiff had "direct contact" with state's agents were not supported by sufficient factual allegations in complaint). We further note that, to the extent the complaint alleges justifiable reliance, the allegations involve reliance between BWC and BRT, not between BWC and the "injured party" (i.e., Banks). *See Rudd* at ¶ 18 ("the special relationship must be with the injured party").

{¶ 26} Accordingly, the Court of Claims did not err in its determination that, on making all reasonable inferences in favor of appellant, BWC was immune from liability under the public duty doctrine and that no special relationship existed between BWC and Banks. Based on the foregoing, appellant's first and second assignments of error are not well-taken and are overruled.

{¶ 27} Under the third assignment of error, appellant asserts the Court of Claims erred in denying a request for leave to amend the complaint. Appellant argues the Court of Claims denied the request for leave without explanation, and that leave should have been freely granted pursuant to Civ.R. 15(A).

{¶ 28} By way of background, in response to BWC's motion for judgment on the pleadings, appellant filed a "memorandum in opposition" on May 23, 2017. In the last section of appellant's memorandum, appellant requested, in the event the Court of Claims disagreed with appellant's contention that BWC was not entitled to judgment on the

pleadings, that the court "grant it leave to file an amended complaint under Civil Rule 15 rather than grant judgment on the pleadings and dismiss the case with prejudice."[1]

{¶ 29} After a responsive pleading is filed, "a party may amend his pleading only by leave of court or by written consent of the adverse party." *Reighard v. Cleveland Elec. Illuminating,* 7th Dist. No. 05 MA 120, 2006-Ohio-1283, ¶ 39, citing Civ.R. 15(A). Pursuant to Civ.R. 15(A), leave of court shall be freely given "when justice so requires." A trial court's ruling with respect to a Civ.R. 15 motion to amend a complaint "is reviewed for abuse of discretion." *Suriano v. NAACP,* 7th Dist. No. 05 JE 30, 2006-Ohio-6131, ¶ 81.

{¶ 30} In the present case, appellant did not seek to amend the complaint before BWC filed its motion for judgment on the pleadings. Further, appellant did not file a formal motion for leave to amend (nor did appellant submit a proposed amended complaint). Rather, appellant made an alternative request in the memorandum in opposition to BWC's motion for judgment on the pleadings to amend "if the Court disagrees and finds the Estate's complaint deficient." (Pl.'s Memo in Opposition to Def.'s Mot. for Judgment on the Pleadings at 1-2.) Under these circumstances, we find no abuse of discretion by the Court of Claims by not granting appellant leave to amend the complaint. *See Miller v. Med. Mut. of Ohio,* 5th Dist. No. 2012CA0020, 2013-Ohio-3179, ¶ 59 (trial court did not abuse its discretion in failing to grant leave to amend where appellants did not file formal motion for leave to amend complaint but, instead, in response to motion to dismiss, requested the court allow them to file amended pleading in the event the court found the complaint deficient); *White v. Roch,* 9th Dist. No. 22239, 2005-Ohio-1127, ¶ 8 (finding no abuse of discretion by trial court in not granting appellant leave to amend complaint where appellant did not file formal motion seeking leave to amend but rather made passing request for leave to amend in brief opposing motion to dismiss).

{¶ 31} Appellant's third assignment of error is not well-taken and is overruled.

---

[1] Appellant also filed, on August 28, 2017, a motion for leave to submit "attached evidentiary materials in support of its alternative Motion for Leave to Amend Complaint in the event the Court agrees with Defendant that the Complaint's allegation of operative facts is insufficient to survive Defendant's Motion for Judgment on the Pleadings." The Court of Claims denied appellant's motion for leave to submit that evidence. As noted by BWC, appellant has not assigned as error the Court of Claims' denial of appellant's motion for leave to submit evidentiary materials.

{¶ 32} Based on the foregoing, appellant's three assignments of error are overruled, and the judgment of the Court of Claims of Ohio is hereby affirmed.

*Judgment affirmed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

_____