[Cite as *Rosenberger v. Paduchik*, 2023-Ohio-3898.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Laura Rosenberger, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 22AP-320 |
| v. | : | (C.P.C. No. 21CV-7443) |
| Robert A. Paduchik et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on October 26, 2023

**On brief:** *Pullins Law Firm LLC*, and *Scott Allen Pullins* for appellant. **Argued:** *Scott Allen Pullins.*

**On brief:** *Bricker & Eckler LLP, Anne Marie Sferra,* and *Nelson M. Reid* for appellees. **Argued:** *Anne Marie Sferra.*

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Plaintiff-appellant, Laura Rosenberger, appeals from the decision of the Franklin County Court of Common Pleas denying her motion for leave to file an amended complaint under Civ.R. 15(A) and granting the motion to dismiss under Civ.R. 12(B)(6) filed by defendants-appellees, Robert A. Paduchik, Dave Johnson, and the Ohio Republican Party. For the reasons that follow, we affirm the trial court's decision.

{¶ 2} Ms. Rosenberger, JoAnn Campbell, Mark Bainbridge, Joe Miller, and Denise Verdi filed a verified complaint on November 29, 2021, against Robert A. Paduchik, the Chairman of the Republican State Central and Executive Committee of the Republican Party, Dave Johnson, the party's treasurer, and the Republican Party itself. The plaintiffs alleged that they had all been appointed to various Standing Committees of the Republican

Party in 2020, in accordance with the Republican State Central and Executive Committee of Ohio Permanent Rules ("Bylaws"). (Nov. 29, 2021 Compl. at 5.) A copy of the Bylaws was attached to the verified complaint. Ms. Rosenberger alleged that she was appointed to the party's Audit Committee. *Id.*

{¶ 3} The plaintiffs alleged that over three million dollars of the party's funds "may have been improperly misappropriated, misreported, and/or otherwise improperly expended" by Mr. Paduchik and the party's former chairperson, Jane Timken. *Id.* at 6. They alleged that the party's financial statements from 2017 onward were "materially misstated" and required auditing. *Id.* They accused Mr. Johnson, the treasurer, of keeping "poor records" and never attesting to the accuracy of the party's financial statements, as required by the Bylaws. *Id.* The plaintiffs alleged that after "voicing their concerns" in October 2021, Mr. Paduchik improperly removed them from their positions on the Standing Committees, reorganized the committees, and "appointed himself chairman of the Fiscal Review Committee," in violation of the Bylaws. *Id.* at 6-7.

{¶ 4} The complaint also alleged that Mr. Paduchik used party funds to support unendorsed candidates without obtaining the authorization of the Fiscal Review Committee. *Id.* at 7-8. This and other expenditures totaling "hundreds of thousands" of dollars in party funds allegedly violated the party's Bylaws. *Id.* at 8. In addition, the plaintiffs alleged that Mr. Johnson violated his obligations under both the Bylaws and R.C. 3517.081 to provide accurate statements of the party's expenditures. *Id.* at 8-10. The plaintiffs alleged that they requested "a certified public accountant to perform an audit" of the party's finances in accordance with the Bylaws, but Mr. Paduchik and Mr. Johnson refused to allow any audit. *Id.* at 10-11. Instead, plaintiffs alleged that Mr. Paduchik "retaliated" against them by removing them from their positions on the party's standing committees. *Id.* at 10.

{¶ 5} Citing the Bylaws, the complaint alleged two breach of contract claims. The first, against Mr. Paduchik, arose from the reorganization of the standing committees and the plaintiffs' removal from them. *Id.* at 11-14. The second breach of contract claim, also stated against Mr. Paduchik, arose from his allegedly unauthorized support of unendorsed candidates. *Id.* at 14-16. The third claim alleged that the plaintiffs were entitled to an inspection and accounting of the party's financial records under R.C. 1702.15. *Id.* at 16-19.

The fourth claim alleged that the plaintiffs were entitled to an audit and accounting of the party's finances under Article IV, Section 6 of the Bylaws. *Id.* at 19-20. The fifth and sixth claims purported to seek "interlocutory injunctions" against the defendants to prevent them from spending any party funds or instituting organizational changes during the pendency of the case. *Id.* at 20-22. The sixth claim alleged that Mr. Paduchik breached the fiduciary duty of the party imposed on him by R.C. 1702.30. *Id.* at 22-23. The seventh claim sought the plaintiffs attorney fees and litigation expenses from the defendants. *Id.* at 23-24. As relief, the plaintiffs sought damages, attorney fees, and injunctive relief in the form of court orders reinstating them to their standing committee positions and allowing them to inspect and audit party records. *Id.* at 24-25.

{¶ 6} On December 29, 2021, the defendants filed a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. They argued that the plaintiffs' claims were not justiciable because they arose from the internal workings of a political party. (Dec. 29, 2021 Mot. to Dismiss at 4.) Even if they were justiciable, defendants asserted that "none of the claims are supported by applicable law." *Id.* at 5. They argued that plaintiffs lacked standing to bring claims on behalf of Republican party members and donors, and that no contract existed between the plaintiffs and Mr. Paduchik to support the breach of contract claims. *Id.* at 6-9. The defendants also argued that Ohio Revised Code Chapter 1702 could not form the basis for the plaintiffs' demand to inspect the party's books and records or the claim for breach of fiduciary duty because the chapter only applied to nonprofit corporations, not a political party established under R.C. 3517.01. *Id.* at 10-12. The plaintiffs' purported claims for injunctive relief, attorney fees, and expenses should also be dismissed, defendants argued, because they were not claims at all but remedies. *Id.* at 13-14.

{¶ 7} The plaintiffs responded on January 26, 2022, and agreed with the defendants that "political parties are not incorporated nonprofit [entities] as described under Ohio Revised Code Section 1702." (Jan. 26, 2022 Memo in Opp. at 2.) The plaintiffs instead asserted that a political party fit the definition of an unincorporated nonprofit association under R.C. 1745.05. *Id.* The plaintiffs argued that this statute not only gave them standing to sue, but also authorized their breach of contract claims, their claims to inspect records, and their breach of fiduciary duty claim. *Id.* at 3-6.

{¶ 8} While the motion to dismiss was pending, the plaintiffs filed a motion for leave to file an amended complaint under Civ.R. 15(A). (Feb. 9, 2022 Req. for Leave to File an Am. Compl.) They did not describe any new claims or how the existing ones might be amended, nor did they attach a proposed amended complaint to the filing. The defendants opposed the motion, arguing that the plaintiffs had "failed to establish a prima facie showing of support for their purported claims." (Feb. 15, 2022 Def.'s Memo in Opp. at 1.) On February 22, 2022, the plaintiffs filed a reply to the defendants' response and a proposed amended complaint. The defendants subsequently filed a motion to strike the proposed amended complaint, arguing that the plaintiffs had "improperly filed [the] amended complaint without first obtaining leave of court or Defendants' consent." (Mar. 14, 2022 Def.'s Mot. to Strike at 1.)

{¶ 9} On May 27, 2022, the trial court denied the plaintiffs' motion for leave to amend the complaint. The trial court noted that plaintiffs had provided no reason for granting leave to amend in the motion, as it "includes nothing other than a recitation of Civ.R. 15(A) and an acknowledgment that leave is required." (May 27, 2022 Decision & Entry at 3.) Furthermore, the plaintiffs had denied the defendants an "opportunity to challenge the support offered by Plaintiffs" by only filing their proposed amended complaint with their reply brief. *Id.* Finding that the plaintiffs had not acted in accordance with Civ.R. 15 and had "prevented Defendants from challenging the substance of Plaintiffs' proffered support" by failing to attach the proposed amended complaint until replying, the trial court denied the motion. *Id.* at 4.

{¶ 10} In the same decision, the trial court granted the defendants' motion to dismiss the plaintiffs' complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. The trial court found that the disputes alleged were not justiciable because the plaintiffs had no standing to litigate claims that only involved the internal matters of a political party. *Id.* at 5. The trial court rejected the plaintiffs' argument that their claims were justiciable because the party qualified as an unincorporated nonprofit association under R.C. Chapter 1745, citing the exclusion in R.C. 1745.05(M)(3) of organizations formed under other statutes, such as political parties. *Id.* at 6. Additionally, the trial court noted that the majority of the claims in the complaint were

based on alleged "violations of the Bylaws, not on violations of any legislative enactment governing political parties." *Id*. at 7.

{¶ 11} The trial court also addressed the claims themselves and concluded that even if the plaintiffs had standing, all of the claims failed under Civ.R. 12(B)(6). The breach of contract claims failed because the complaint contained "no allegations of factual support" from which to infer that Mr. Paduchik and the plaintiffs had entered into a valid contract. *Id*. at 10. Nor did "any set of facts exist within Plaintiffs' complaint that support the averment that the Bylaws created a contract between Plaintiffs and Paduchik, only that a contract between each plaintiff and the ORP was allegedly formed." *Id*. at 11. The claim for inspection of books and records and the claim of breach of fiduciary duty failed because the provisions of the Ohio Revised Code under which they were alleged did not apply to political parties. *Id*. at 11, 13. Nor did the Bylaws provide any basis for demanding an audit. *Id*. The interlocutory injunction claims merely stated a remedy, and the attorney fees claims could not "exist separately" from the other claims. *Id*. at 13-15. Accordingly, the trial court granted the motion to dismiss.

{¶ 12} Only Ms. Rosenberger appealed from the trial court's decision. She asserts the following assignments of error:

> [I.] The trial court erred when it dismissed the Appellants' complaint and abused its discretion when it denied them leave to amend it to correct its deficiencies.
>
> [II.] The trial court erred when it failed to determine whether Ohio Revised Code Section 1745.05 is plain and unambiguous or ambiguous.
>
> [III.] The trial court erred when it found that Ohio Revised Code Section 1745.05 specifically excluded political parties.

{¶ 13} Initially, we must clarify that although Ms. Rosenberger purports to assert error on behalf of other appellants, she was the only party to appeal from the trial court's judgment. (June 2, 2022 Notice of Appeal.) "An appellant cannot raise issues on another's behalf, especially when that party could have appealed the issues appellant posits." *In re D.T.*, 10th Dist. No. 07AP-853, 2008-Ohio-2287, ¶ 8. "Generally, a litigant must assert its own rights, not the claims of third parties." *N. Canton v. Canton*, 114 Ohio St.3d 253, 2007-Ohio-4005, ¶ 14. Ms. Rosenberger has no standing to assert error on

behalf of her fellow former defendants who, having chosen not to appeal, are now third parties with no present stake in this litigation. Thus, we construe any reference in her briefing to "appellants" to refer only to her.

{¶ 14} We turn first to Ms. Rosenberger's assertion that the trial court abused its discretion by denying the motion to amend the complaint under Civ.R. 15(A). She argues that because leave to amend a complaint should be "freely given" in the absence of "bad faith, undue delay or undue prejudice to the opposing party," the trial court erred by not granting the motion. (Am. Brief of Appellant at 9.) Furthermore, she asserts that the trial court "made much" of the failure to attach a proposed amended complaint to the motion because if leave had been granted, "Defendants would have had ample opportunity to respond to it." *Id.* at 10-11. Denying the motion amounted to "punishing" her and the other plaintiffs, Ms. Rosenberger claims.

{¶ 15} We review a trial court's ruling granting or denying a motion for leave to amend a complaint under Civ.R. 15(A) for an abuse of discretion. *Banks v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 17AP-748, 2018-Ohio-5246, ¶ 29. The rule allows a party to amend a complaint "once as a matter of course within twenty-eight days after serving it," after which "a party may amend its pleading only with the opposing party's written consent or the court's leave." Civ.R. 15(A). "The court shall freely give leave when justice so requires." *Id.* "Although Civ.R. 15(A) provides that leave of court shall be freely given when justice so requires, there is no absolute or unlimited right to amend a complaint." *Rose v. Cochran*, 4th Dist. No. 14CA3445, 2014-Ohio-4979, ¶ 20.

{¶ 16} "Where a plaintiff fails to make a *prima facie* showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading." *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120 (1991), syllabus. Other than quoting the language of Civ.R. 15(A), the motion for leave to amend stated only that because "the Court could grant Defendants' motion [to dismiss] at any time, Plaintiff is requesting leave of court to amend its complaint." (Feb. 9, 2022 Req. for Leave to File an Am. Compl. at 2.) The *Wilmington Steel* standard requires more. Absent any mention of new matters to be pleaded, the trial court properly denied the motion. *Wilmington Steel*, syllabus. *See also McDermott v. Tweel*, 151 Ohio App.3d 763, 2003-Ohio-885, ¶ 27 (10th Dist.) (affirming denial of motion for leave to amend under

Civ.R. 15(A) where the motion was "a mere two sentences long and simply asserted that newly received evidence gave rise to the fraud claim"); *Grenga v. Youngstown State Univ.*, 10th Dist. No. 11AP-165, 2011-Ohio-5621, ¶ 15 (affirming denial of motion for leave to amend, where plaintiff not only failed to "make a prima facie showing of support for new matters sought to be pleaded, he did not even identify the ways in which he intended to amend his complaint").

{¶ 17} Furthermore, it matters not that "Plaintiffs had already made their case for the need for an amended complaint in their Memorandum in Opposition to Defendants' Motion to Dismiss," as Ms. Rosenberger asserts. (Am. Brief of Appellant at 10.) The trial court was not obligated to search the docket for another filing containing a party's argument relevant to the motion before its ruling on the motion. Similarly misguided is the argument that the trial court wrongly criticized the plaintiffs for only attaching the proposed amended complaint to the reply brief, thereby depriving the defendants of an opportunity to respond, because "Defendants would have had ample opportunity to respond" if the motion had been granted. *Id*. at 10-11. The trial court was referring to the defendants' ability to address any arguments for granting the motion, which, as the *Wilmington Steel* standard makes clear, depends on the substance of the claims in the proposed amended complaint. The defendants were entitled to have this opportunity before having to plead an answer in response to a newly filed complaint. It was not error for the trial court to deny the motion where the plaintiffs made no case for granting it. Given the plaintiffs' noncompliance with basic requirements of civil procedure, the trial court acted within its discretion when denying their motion for leave to amend the complaint under Civ.R. 15(A).

{¶ 18} Ms. Rosenberger also asserts in her first assignment of error that it was error for the trial court to dismiss the complaint. We apply a de novo standard when reviewing a trial court's decision granting a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6). *State ex rel. Duncan v. Am. Transm. Sys.*, 166 Ohio St.3d 416, 2022-Ohio-323, ¶ 10. She argues that it was error for the trial court to interpret R.C. 1745.05 to exclude political parties without making an initial determination as to whether "the statute is plain and unambiguous or ambiguous." (Am. Brief of Appellant at 11.) In her reading, the statute applies to political parties because they are not expressly excluded by its definition of an unincorporated nonprofit organization. *Id*. at 11-12.

{¶ 19} Ms. Rosenberger's argument fails to address the trial court's stated grounds for granting the defendants' motion to dismiss under Civ.R. 12(B)(6): the nonjusticiability of disputes arising from the internal affairs of a political party. (May 27, 2022 Decision & Entry at 5-6.) No claim in the complaint invokes R.C. 1745.05 or any provision of Chapter 1745, which governs unincorporated associations. As the trial court observed, "[t]he only allegation involving a legislative enactment within Plaintiffs' complaint[] is that for breach of a fiduciary duty pursuant to R.C. 1702.30."[1] *Id.* at 7. In response to the motion to dismiss, the plaintiffs conceded the nonjusticiability of internal political party disputes but asserted that the passage of R.C. 1745 conferred standing on them, citing the statute's definition of an unincorporated nonprofit association under R.C. 1745.05(M). (Jan. 26, 2022 Memo in Opp. at 2.)

{¶ 20} The trial court correctly concluded that R.C. 1745.05(M) excludes political parties. At first glance, the statute's definition of an unincorporated nonprofit association plausibly includes a political party, as the term "means an unincorporated organization, consisting of two or more members joined by mutual consent pursuant to an agreement, written, oral, or inferred from conduct, for one or more common, nonprofit purposes." R.C. 1745.05(M). However, the definition also includes a list of exclusions. Relevant here is the exclusion stating that the definition of an unincorporated nonprofit association "does not include * * * [a]n organization that is formed under any other statute that governs the organization and operation of unincorporated associations." R.C. 1745.05(M)(3). Because Chapter 3517 of the Ohio Revised Code governs the organization of political parties, the exclusion applies. *See* R.C. 3517.01(A)(1) (setting forth requirements for forming a "political party"). The trial court did not err in its reading of the statute.

{¶ 21} Furthermore, the trial court was not required to expressly determine whether the statute was unambiguous or not before applying it, as Ms. Rosenberger suggests. *See Church at Warren v. Warzala*, 11th Dist. No. 2016-T-0073, 2017-Ohio-6947, ¶ 25 (applying exclusion of religious organizations under R.C. 1745.05(M)(5) to definition of unincorporated nonprofit association with no interpretation of statute). In any case, the

---

[1] The complaint's factual allegations did cite R.C. 3517.081 and R.C. 3517.10 when alleging that the party treasurer failed to file financial reports required by law, but these provisions were not tied to any claim for relief. (Nov. 29, 2021 Compl. at 9.) As the trial court noted, those provisions only apply to political campaigns and their treasurers, not political parties.

trial court effectively determined that the statute was unambiguous. The trial court stated that the plaintiffs' argument for standing under Chapter 1745 "fails by the plain meaning of R.C. 1745.05" before applying the exclusion. (May 27, 2022 Decision & Entry at 6.) Because "[u]nambiguous statutes are to be applied according to the plain meaning of the words used," if the statute had been ambiguous, the trial court would not have been able to recognize its plain meaning. *State ex rel. Burrows v. Indus. Comm. of Ohio*, 78 Ohio St.3d 78, 81 (1997), citing *Roxane Laboratories, Inc. v. Tracy*, 75 Ohio St.3d 125, 127 (1996). Finally, we note that even if the definition of an unincorporated nonprofit association under R.C. 1745.05(M) did apply to political parties, Ms. Rosenberger's briefing fails to explain how that confers standing on her as an individual to litigate intraparty disputes with other members. Nor does she address any of the trial court's arguments concerning the failure of any claim in the complaint, apart from the issue of standing, to state a claim upon which relief may be granted.

{¶ 22} For the foregoing reasons, we overrule all of the assignments of error and affirm the judgment of Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and JAMISON, JJ., concur.

_____