[Cite as *Gipson v. Ohio Adult Parole Auth.*, 2024-Ohio-227.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Timothy W. Gipson et al., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 23AP-390 |
| v. | : | (Ct. of Cl. No. 2023-00066JD) |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on January 23, 2024

**On brief:** *Timothy W. Gipson*, and *Julie B. Gipson*, pro se. **Argued:** *Timothy W. Gipson*.

**On brief:** *Dave Yost*, Attorney General, and *Michelle C. Brizes*, for appellee. **Argued:** *Timothy M. Miller*.

APPEAL from the Court of Claims of Ohio

BEATTY BLUNT, J.

{¶ 1} Plaintiffs-appellants, Timothy W. Gipson and Julie B. Gipson, appeal from the June 9, 2023 judgment of the Court of Claims of Ohio granting the motion of defendant-appellee, Ohio Adult Parole Authority ("OAPA"), to dismiss appellants' complaint. For the reasons that follow, we affirm the judgment of the trial court.

**I. Facts and Procedural History**

{¶ 2} This case arises from the alleged actions of a former inmate and current parolee by the name of Andre L. Curry. In essence, appellants allege that the failure of OAPA to investigate alleged crimes committed by Curry while on parole, including crimes committed directly against appellants, and the failure of OAPA to properly supervise Curry while on parole, resulted in Curry not being sent back to prison in 2009 when he allegedly first began harassing and "torturing" appellants. (*See generally* Feb. 24, 2023 Am. Compl.)

{¶ 3} Appellants filed their original complaint against OAPA in the Court of Claims on January 26, 2023. On February 24, 2023 appellants filed an amended complaint in which they appear to allege that OAPA violated various duties set forth pursuant to R.C. 5149[1] by failing to properly supervise, monitor and/or investigate crimes committed by Curry. (*See* Am. Compl. at ¶ 12-13.) Appellants sought damages of 20 million dollars. *Id.* at ¶ 14.

{¶ 4} On March 14, 2023, OAPA filed a motion to dismiss[2] the amended complaint in its entirety. (Mar. 14, 2023 Mot. to Dismiss.) In its motion, OAPA argued that it was immune from liability because the duties appellants' amended complaint alleged were breached by OAPA are duties owed to the public as a whole, and no special relationship was alleged to exist between OAPA and appellants. (*See* Mot. to Dismiss at 2-4.)

{¶ 5} Thereafter, on June 9, 2023, the trial court issued its entry of dismissal. (June 9, 2023 Entry of Dismissal.) In it, the trial court found that appellants' complaint failed to state claims upon which relief may be granted because OAPA is entitled to immunity from those claims pursuant to the public duty rule, codified at R.C. 2743.02(A)(3)(a). *Id.* at 3-5. The trial court dismissed the complaint in its entirety. *Id.* at 5.

{¶ 6} This timely appeal followed and is now before the court.

## II. Assignment of Error

{¶ 7} Appellants assert the following assignment of error for our review:

> The trial court erred and abused its discretion in in dismissing appellant's action.

## III. Discussion

{¶ 8} In appellants' sole assignment of error, they contend that the trial court erred and abused its discretion by dismissing their complaint. As explained below, we disagree.

---

[1] Chapter 5149 establishes the OAPA and grants its authority to administer R.C. Chapter 2967. In turn, R.C. 2967.28 places specific requirements of post-release control on certain offenders and empowers the Parole Board and/or the court to impose one or more post-release control sanctions on offenders.

[2] Appellants assert they were not served with OAPA's motion to dismiss. However, the record shows the motion includes a certificate of service indicating the motion was mailed on March 14, 2023 to the address provided by appellants.

{¶ 9} As an initial matter, it must be noted that although appellants argue that the trial court dismissed their complaint based on a failure to prosecute pursuant to Civ.R. 41(B)(1), this is patently incorrect. The record clearly shows the motion to dismiss filed by OAPA was made pursuant to Civ.R. 12(B)(6) (failure to state a claim upon which relief may be granted), and the record is equally clear the proper standard was applied by the trial court in both considering the motion and ultimately dismissing appellants' complaint.

{¶ 10} A de novo standard of review is employed by the appellate court when reviewing a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Pankey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-701, 2014-Ohio-2907, ¶ 7; *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.

{¶ 11} A motion to dismiss pursuant to Civ.R. 12(B)(6) is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. Of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). A trial court may not rely on allegations or evidence outside the complaint when reviewing a Civ.R. 12(B)(6) motion. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). In addition, the trial court must presume all factual allegations contained in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. *Jones v. Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Lane v. U.S. Bank, N.A.*, 10th Dist. No. 22AP-358, 2023-Ohio-1552, ¶ 23, citing *Morrow v. Reminger & Reminger Co. L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 12} The trial court's dismissal of appellants' complaint was premised on the doctrine known as the public duty rule, codified at R.C. 2743.01 and 2743.02. *See Vos v. Ohio EPA*, 10th Dist. No. 17AP-749, 2018-Ohio-2956, ¶ 12. Pursuant to the public duty

rule, "[g]enerally, the state is 'immune from liability in any civil action or proceeding involving the performance or nonperformance of a public duty.' " *Lawrence v. Meridian Senior Living, L.L.C.*, 10th. Dist. No. 16AP-326, 2016-Ohio-8500, ¶ 8, quoting R.C. 2743.02(A)(3)(a). The public duty rule " 'is used to determine the first element of negligence, the existence of a duty on the part of the state. If the duty owed is general in nature, the wrong created by its breach is to the public in general and, therefore, not individually actionable.' " *Estate of Tokes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-723, 2019-Ohio-1794, ¶ 35, quoting *Hurst v. Ohio Dept. of Rehab. & Corr.,* 72 Ohio St.3d 325, 329 (1995).

{¶ 13} As defined in R.C. 2743.01(E)(1), " '[p]ublic duty' includes, but is not limited to, any statutory, regulatory, or assumed duty concerning any action or omission of the state involving any of the following: (a) Permitting, certifying, licensing, inspecting, investigating, supervising, regulating, auditing, monitoring, law enforcement, or emergency response activity * * *."

{¶ 14} An exception to the public duty rule exists, and the state is thus not immune from liability, where a "special relationship" exists between the state and the injured party. R.C. 2743.02(A)(3)(b). A plaintiff demonstrates a special relationship by proving "all of the following elements exist: (i) An assumption by the state, by means of promises or actions, of an affirmative duty to act on behalf of the party who was allegedly injured; (ii) Knowledge on the part of the state's agents that inaction of the state could lead to harm; (iii) Some form of direct contact between the state's agents and the injured party; (iv) The injured party's justifiable reliance on the state's affirmative undertaking." R.C. 2743.02(A)(3)(b). In the absence of such a special relationship, however, the public duty doctrine insulates the state from liability for the performance and nonperformance of public duties. *See Banks v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 17AP-748, 2018-Ohio-5246, ¶ 14.

{¶ 15} Here, accepting all the allegations in the amended complaint as true, it is clear that any claim for relief against OAPA would entail the performance or nonperformance of a public duty. Appellants' claims are, in essence, that OAPA failed to properly supervise and monitor Curry, and that it further failed to investigate crimes allegedly committed by Curry. All of these duties are duties owed to the general public. *See Estate of Tokes*, 2019-Ohio-1794, at ¶ 35 (finding that supervising and monitoring a person on post-release

control falls within the confines of the definition of "public duty" under R.C. 2743.01(E)(1)(a); *see also Wiltz v. Accountancy Bd. of Ohio*, 10th Dist. No. 14AP-645, 2015-Ohio-2493, ¶ 28 (finding that "investigating or not investigating" are public duties.).

{¶ 16} Furthermore, appellants' amended complaint does not allege facts that would establish a "special relationship" between appellants and OAPA so as to fall under the exception to the public duty rule. The facts set forth in the amended complaint do not include any allegations of direct contact between appellants and any agent of the OAPA. Nor does the amended complaint allege any facts that would suggest OAPA assumed any duty to act on behalf of appellants, or that appellants justifiably relied upon any such affirmative undertaking. The absence of factual allegations supporting all elements of the special relationship exception to the public duty rule renders a complaint subject to dismissal pursuant to Civ.R. 12(B)(6). *Banks*, 2018-Ohio-5246, at ¶ 25, citing *Rooney v. Ohio State Hwy. Patrol*, 10th Dist. No. 16AP-204, 2017-Ohio-1123, ¶ 22.

{¶ 17} In short, the claims against OAPA fail to state claims upon which relief may be granted because OAPA is immune from liability pursuant to the "public duty rule," codified in R.C. 2743.01 and 2743.02, and appellants have not alleged facts demonstrating any "special relationship" between themselves and OAPA so as to overcome the immunity afforded the state via the public duty rule.

{¶ 18} Accordingly, based on the foregoing, appellants' sole assignment of error is overruled.

## IV. Disposition

{¶ 19} Having overruled appellants' sole assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

MENTEL, P.J. and JAMISON, J., concur.